## SUPREME COURT OF THE STATE OF GEORGIA,

# AT COLUMBUS,

## JANUARY TERM, 1854.

Present—JOSEPH H. LUMPKIN, ⎫
        EBENEZER STARNES, ⎬Judges.
        HENRY L. BENNING. ⎭

| 14 | 521 |
| 95 | 770 |

---

No. 65.—A. S. RUTHERFORD, Receiver, &c. plaintiff in error, *vs.* SEABORN JONES, defendant in error.

[1.] In a bill for partition, it is not necessary that the complainant's title to the property should be fully set out.

[2.] The defendant may, by plea or answer, controvert the complainant's title to the whole or any part of the property, or deny the co-tenancy; in which events, a preliminary trial should be had, to settle these issues.

[3.] Ordinarily, in this State, Equity does not possess concurrent jurisdiction over partitions; if the remedy at Law be full and complete, resort must be had to that forum.

[4.] Where there are various lots or parcels of land belonging to co-parceners, joint-tenants or tenants in common, the Act of 1767 authorizes the partitioners to divide them by entire tracts, or to sub-divide them into parcels.

[5.] Under the general prayer for relief, it is the duty of the Chancellor to look through the bill, to see whether the facts charged do not authorize other and further relief than that which is specially asked.

[6.] Courts of Equity, alone, can decree pecuniary compensation, in cases of partition; Courts of Law have no power to equalize the allotments in this way.

[7.] If the Chancellor, in looking through the bill, can foresee that contingencies may and probably will arise, which Equity alone can adjust, he will retain the bill.

[8.] You cannot, under the same writ of partition, *at Law*, allot some of the land by entire tracts, sub-divide some and sell others.

[9.] In Equity, a receiver may be appointed, to rent the property and pay over the profits to the co-tenants, according to their respective interests, or decree that any portion thereof may be held and enjoyed for a certain length of time, by one of the co-tenants, and then by the other. And so on, successively. A Court of Law can exercise none of these discretionary powers.

[10.] Where a bill is filed against the administratrix of a deceased co-tenant, who is entitled to dower in the real estate sought to be partitioned, a sale may be decreed, directing one third of the proceeds coming to the estate of her husband, to be retained by the widow, to be held and enjoyed by her during her natural life.

[11.] So, if the property sought to be partitioned, is involved in litigation, and a receiver has been appointed to superintend the interest of one of the co-tenants, in a bill for partition, the fund, if any, arising by sale or rent, may be protected by the order of the Chancellor.

[12.] Courts in this State are more reluctant to oust Equity of its jurisdiction, in cases where, in England, it possesses original concurrent jurisdiction with Courts of Law.

In Equity, in Muscogee Superior Court. Decision on demurrer, by Judge IVERSON, November Term, 1852.

Seaborn Jones filed his bill for partition, alleging that Daniel McDougald and himself owned jointly, several lots in the City of Columbus, some of them improved and some unimproved—complainant owning three-fourths and McDougald one-fourth of each lot. That McDougald is dead, and Ann E. McDougald is his lawful administratrix; "And that since the death of the said Daniel McDougald, one Adolphus S. Rutherford has been, by the Hon. A. Iverson, Judge of the Superior Court of said county, appointed receiver, to execute and carry out the trusts in a certain deed of trust, alleged to have

been made by said McDougald, in August, 1846, for the benefit of his creditors".

The bill charged "That it would be very difficult, and materially lessen the value of said lots, to have each of them separately and severally divided, and almost impracticable to divide those which are improved, without greatly injuring their value; and that it would greatly conduce to the benefit of the parties interested, that they should be divided in such manner as to preserve said lots entire".

The receiver and administratrix were made parties, and the bill prayed a partition in kind.

To this bill a demurrer was filed, for want of Equity and because the party had a complete Common Law remedy.

The Court overruled the demurrer, and this decision is assigned as error.

W. DOUGHERTY, for plaintiff in error.

S. JONES, for defendant in error.

Judge BENNING having been formerly of counsel in this case, did not preside in this Court.

*By the Court.*—LUMPKIN, J., delivering the opinion.

This is a bill for partition. The complainant, Seaborn Jones, alleges that he and Daniel McDougald, in his life-time, owned and possessed twenty-five lots in the City of Columbus, which are identified by their numbers, in the plan of said town. It charges that complainant owns three-fourths of all these lots, and the estate of McDougald the remaining fourth, and prays that a partition may be made, not by sub-dividing these various lots, but by allotting them in entire lots. It further prays for general relief.

A general demurrer was filed to the bill, which being overruled, the defendant excepted.

[1.] Counsel for the plaintiff in error, insists that the title to this property is not sufficiently set forth. This is not necessa-

524      SUPREME COURT OF GEORGIA.

A. S. Rutherford, Receiver, &c. vs. Seaborn Jones.

.ry. The bill is framed according to the approved precedents in Chancery.

[2.] It is competent for the defendant, by plea or answer, to controvert the complainant's title to the whole or any portion of this property, or deny the co-tenancy. And in that event, a preliminary trial would be had to settle these questions. But unless the complainant's interest is disputed, there is no necessity for such a proceeding. The right to the land is assumed, as the foundation of the bill.

[3.] The main ground of the demurrer, however, is, that the bill contains no particular fact or feature, which would justify a Court of Chancery in taking jurisdiction of this matter.

We have heretofore held, and do still maintain, that in this State, Equity does not possess, ordinarily, concurrent jurisdiction over partitions; and that if the remedy at law be full and complete, to that forum the party must go.

We must examine the bill, then, to see whether the statements which it contains will justify Chancery jurisdiction. It charges that some of the lots are improved, and that to cut them into parcels, would be impossible; at any rate, that it would greatly depreciate their value. The demurrer admits this to be true.

Again, it is suggested that one Adolphus S. Rutherford has been appointed receiver, under a deed said to have been executed by McDougald in his life-time, for the benefit of his creditors. The bill does not allege expressly, as it should have done, that the lots which are sought to be partitioned, are included in this trust deed. Such was probably the intention of the draftsman.

[4.] As to the special relief sought, viz: that the lots be divided entirely, there is no necessity to go into Equity for that purpose. The Provincial Act of 1767, which has been overlooked in this discussion, makes positive provision for this kind of division. It enacts that the partitioners " Shall proceed to make a just and equal partition and division of all such lands and tenements, held in co-parcenary, joint-tenancy, or tenancy in common, *either in entire tracts or parcels,* as they shall

judge to be in proportion to the shares claimed and most beneficial to the several co-parceners, joint-tenants or tenants in common, according to the best of their knowledge". (*Cobb's Digest*, 582.) And for this purpose, the writ of partition is directed by the Statute, "to be devised and framed according to the nature of the case". (*Ib.*) So, then, if the bill rested upon this foundation alone, it could not stand.

[5.] What, then, is next to be done by the Chancellor, when a bill like this is presented for his consideration? It becomes his duty to look to the allegations in the bill, to see whether, under the prayer for general relief—that India-rubber prayer, as it has been not inaptly called by accurate Equity pleaders, which, like charity, is made to cover a multitude of professional sins—other and further relief cannot be administered, than that which is specifically asked.

And here, again, the bill is not so full as it might have been —ought to have been. It does not aver, affirmatively, that a state of facts exist which will render it indispensable for a Court of Equity to interpose. Perhaps the draftsman could not make such positive averments.

[6.] For instance, he does not allege, that to equalize the lots, in making the kind of division prayed for, it will be absolutely necessary to decree pecuniary compensation. If the bill had contained this averment, the jurisdiction of Chancery would have been unquestionable; for the Common Law Courts have no power to equalize the allotments in this way. And yet, it would occur to any mind, that a division of these lots, by entire tracts, could hardly be effected, without decreeing pecuniary contribution.

[7.] Then, this inquiry presents itself: Suppose the Chancellor shall see, in examining the facts of the bill, that contingencies may, and probably will arise, which cannot be obviated at Law, will he not retain the bill? Is he not just as much bound to do so, as if the complainant had stated in his bill that these exigencies might, and probably would arise? We think so. And it is in this view of this case, that we have determined to sustain the Equity jurisdiction which is here assumed.

If it were clear that no such difficulties as those which are fore-shadowed by the facts of this bill could arise, then we should feel constrained to dispose of this case differently.

But not only may the difficulty, as to pecuniary compensation, come up in the future progress of this case, and which a Court of Equity, alone, could adjust, but others are suggested to the mind of this Court.

[8.] It may be found necessary or desirable, with a view to partition this property, to the best advantage, to sub-divide some of the lots, allot others entire, with or without pecuniary compensation, and to sell others.   And liberal as our Statutory remedy is, certainly much more so than that provided by the Act of *Henry VIII.* still, we entertain strong doubts whether a partition *at Law,* could accomplish this tri-fold relief.   No one Act is sufficient for this purpose.   The Statute of 1767, as we have seen, authorizes a partition by entire lots or by sub-division of each parcel, according to the respective rights of the parties.   The Act of 1837 directs a sale, under certain circumstances.   (*Cobb's Digest,* 583, 584.)   But would it be competent to frame a writ of partition, with a double aspect? that is, the mode of partition contemplated by each of these Statutes?   We very much doubt this.

It would seem that the co-tenant should elect to proceed under the one Act or the other.   One contemplates an actual division, and in kind only ; the other a sale.   How can you combine the two modes at Law?   This doubt would incline us to sustain the Chancery jurisdiction, apart from the element of pecuniary compensation.

[9.] But Equity can do more than seems to have been imagined by those who have instituted this proceeding.   It can not only direct a sale of some of the lots, and a partition of others, in whole lots or in parcels, and decree compensation to equalize the allotments, but it can appoint a receiver to rent out this property—the whole or any part of it—and pay over the profits to the co tenants, according to their respective rights and interests.   Yea, it may do more than this ; it can order any one or more of these twenty-five lots to be held and enjoyed for

a certain length of time, by one of the co-tenants and then by the other ; and so on successively.    And this, too, may become necessary, in the further settlement of this subject.

[10.]  But again, for this case is fruitful of suggestion, Daniel McDougald died intestate.    His widow, or administratrix, is a party to this proceeding.    She *may be* entitled to dower, in the whole or some portion of this property ; and it may become important to their proper partition, by sale or otherwise, that her legal estate may be protected, and the property disencumbered of this claim.    Suppose that it should be found necessary to sell one or more of these lots, to make partition, and the widow, who is in her representative character, a party to this bill, is entitled to dower ?    By the laws of this State, the sale may still be made, and by agreement or decree, she could receive one-third of the one-fourth of the proceeds, to be held and enjoyed during her natural life, and the purchaser, in the mean time, by the arrangement, acquire a good title. How utterly inadequate, a Court of Law, to provide for such an emergency !

[11.]  But once more.    These lots, some or all of them, may be embraced in the trust-deed made by McDougald, for the benefit of his creditors, and under which Adolphus S. Rutherford has been appointed receiver.    In the event of the sale or rent of these lots, it may become important, for the protection of the fund, that the receiver may be in a situation to assert his rights, which he may do under this bill, to which he has been made a party, but which he could not do at Law.

But I forbear to multiply reasons, to show that numerous exigencies may arise, in the progress of this proceeding, for the partition of these lots, which could only be arranged in Equity.

Assuming, then, that the facts set forth in this bill, meagre as they are, compared with what they might have been, and out of which all these suggestions, and others which might be made, legitimately arise, make it just as obligatory upon this Court to sustain this bill, as though they had been stated and charged by the complainant, we feel it to be our duty to affirm

the judgment of the Court below, in overruling the demurrer; especially, as partition is one of the subject-matters of the concurrent jurisdiction of Equity in England.

[12.] In all such cases, we should be more reluctant to oust the jurisdiction of a Court of Equity.

Judgment affirmed.