Smith *vs.* King *et al*

LARKIN SMITH, plaintiff in error, *vs.* HENRY G. KING *et al.*, defendants in error.

1. A widow is not put to an election between a child's part and dower until there is administration on the estate of the husband. Nor does the statute of limitation run against her application for dower if she has remained in possession of the land until the application is made.
2. A bill showing a good case for equitable interference ought not to be dismissed on demurrer for want of a proper prayer, if there be a general prayer for relief.
3. When the title to land is in tenants in common, and their several interests have become complicated and cannot be definitely ascertained and set apart at law, equity will entertain jurisdiction to adjust by one decree the rights of all.

Dower. Election. Statute of limitations. Equity. Multiplicity of suits. Before Judge RICE. Gwinnett county. At Chambers. March 5th, 1873.

Larkin Smith filed his bill against Sarah King, *et al.*, making substantially the following case :

Complainant purchased from the defendant, Sarah King, the widow of Silas King, deceased, on October 14th, 1869, a

certain tract of land in the county of Gwinnett, for which he paid $600 00, taking a deed to the same, approved by the Ordinary, said land having been previously set apart as a homestead to said defendant. Said defendant was in possession of said property at the time of the sale. She has since purchased, with the money paid to her by complainant, another tract of land, taking the title to herself, upon which she is now residing.

Since his purchase, complainant has expended large sums of money in making improvements upon said property. It being contiguous to the station known as "Buford" on the Atlanta and Richmond Air Line Railroad, complainant divided a portion of the land into town lots and sold them to various persons. The defendants, with the exception of said Sarah King, claiming to be heirs-at-law of said Silas King, deceased, have commenced an action of ejectment against Melvin Garner and others, who are in possession of said land as tenants of complainant. Complainant has been made a party defendant to said action. He has obtained from James O. Thacker and his wife, and from Jane M. King, claiming to be heirs-at-law of said Silas King, conveyances to whatever interest they might have in said property. T. S. Garner has now pending in Gwinnett Superior Court, on appeal from the Court of Ordinary, an application for letters of administration upon the estate of said Silas King, deceased, said estate never having been represented.

Complainant does not know who are the heirs-at-law of said Silas King; hence, it becomes important, both to him and to said heirs-at-law, that administration should be had on said estate, so that the rights of all parties may finally be adjudicated, by requiring such administrator to become a party plaintiff to said action of ejectment.

Prayer, that the action of ejectment be enjoined until a decree is had in this case; that the administrator, when appointed, be made a party plaintiff to said action of ejectment; that the defendant, Sarah King, be required to convey to the estate of Silas King the land purchased with the money paid

Smith *vs.* King *et al.*

to her by complainant; that said property may, by decree of the Court, be substituted in place of the land sold to complainant; that the heirs-at-law of Silas King, deceased, be perpetually enjoined from prosecuting said action of ejectment against complainant, his tenants, or purchasers from him; that complainant may have such other and further relief as the nature of his case may require, and as to the Court shall seem meet; that the writ of subpœna may issue.

On March 5th, 1873, on demurrer, said bill was dismissed, and complainant excepted.

N. L. HUTCHINS; JAMES P. SIMMONS, for plaintiffs in error.

J. N. GLENN; CLARK & PACE, for defendants.

McCAY, Judge.

1. We are of opinion that Mrs. King had an interest in this land. She appears to have had possession since the death of her husband; to have lived on the place, the homestead. At any rate, there was no adverse possession. She is *entitled* to the possession until her dower is assigned: R. Code, sec. 1758. She is not bound to make her choice between dower and a child's part until one year after *administration:* Code, sec. 1754, par. 3; see, also, Act of 1841, Cobb's Digest, 230. As to her right of dower, we are inclined to the opinion that the Act of 1839 would not bar her, except as against purchasers, or others holding adversely. Certainly not when she is herself in possession. And even this Act of 1839 would not apply if her husband died before its passage: See 7 *Georgia*, 20. The bill does not show the date of the death, and we, therefore, cannot say whether she would be barred against even an adverse holder. Altogether, therefore, as to the widow, we do not think, as the case stands, that she is barred of her dower, nor even of her right to choose a child's part. We do not think the injunction ought to stand, so far as it enjoins the application for letters. That question has nothing to do with

Smith *vs.* King *et al.*

the title to the land.   It cannot be contended that the heirs are all barred of their title by the deed of Mrs. King, and it would be only, in that event, that their claim to the administration could be set aside.   We see no reason why any issue arising on that application calls for equitable interference.

2. But we think there is equity in the bill.   The complainant, by his deed, has whatever right *Mrs. King had to this land,* and we are inclined to think he can compel her, under the circumstances, to elect which of her two rights, dower or child's part, he thinks best for himself.   Under the facts, as stated, those of the heirs who connived with Mrs. King and permitted her to sell to him the whole as hers, are estopped from setting up any interest in the land as against the complainant: 16 *Georgia,* 593; 31 *Ibid.,* 555; 30 *Ibid.,* 722; 13 *Ibid.,* 492; 29 *Ibid.,* 312.   The bill also claims that the complainant has bought two shares.   It also states that, in good faith, he has built upon the land, and that various lots have been laid off and sold by him, and that these have been improved.   It is patent that this makes a very complicated case of rights in this land—one that, by no possibility, can be settled in one suit at law.

3. We think, therefore, the bill ought to be retained as a bill for partition, that the action of ejectment should be enjoined, and the questions between all the parties tried at once. It is to the public interest as well as to the interests of all the parties, that the matter should be settled by one judgment. Each of these purchasers from the complainant has an independent and special interest, and each must be sued alone at law : See R. Code, sec. 3283.   The prayer of the bill, it is true, is not very precise in its requests, but there is a general prayer for relief, and we think the bill contains charges justifying its retainer for such relief as, under the law, its facts demand.

Judgment reversed.