JOHN BAGGS, plaintiff in error, *vs.* MARY E. BAGGS, defendant in error.

An agreement was entered into by husband and wife whereby to settle unfortunate difficulties between them.    It was agreed that they should mutually occupy and enjoy a certain house and lot, with certain limitations over in case of death.    Subsequently the wife sued the husband for divorce, which was granted with liberty to each to marry again.    Pending the divorce, counsel agreed that the question of property should be left open without prejudice to either party.    The wife, having failed by writ of partition to divide the property, brought her bill in equity and alleged that the husband was in the sole occupancy and use of the house and had enjoyed all the rents thereof since the divorce, was insolvent and unable to respond to her in damages, and prayed for an injunction, and the appointment of a

Stafford *vs*. The State of Georgia.

. receiver to take charge of the property and hold the future rents subject to the order of the court. The court granted the prayer, and directed the receiver to pay half the rents in future to the husband, and retain the other half to await the final decree:

*Held*, that there is equity in the bill, and that the court did right in appointing a receiver to take charge of the property, and to preserve the future rents to await the final decree.

Equity. Husband and wife. Receiver. Before Judge BUCHANAN. Troup Superior Court. November Term, 1875.

Report unnecessary.

B. H. BIGHAM; B. L. HARRIS, for plaintiff in error.

FERRELL & LONGLEY, for defendant.

JACKSON, Judge.

This case was before this court on the application of the defendant in error for a partition of the property in dispute. It was then held that she could have relief in equity; at least it was so strongly hinted that counsel could not well fail to . see the drift of the mind of this court as then constituted. We agree with those hints, and as the facts are sufficiently indicated in the head-note to explain fully the principle decided, we deem it unnecessary to elaborate them here. If other parties are necessary, they can be made when the case goes back, before the final hearing: 54 *Georgia Reports*, 95.

Judgment affirmed.