WILLIAM E. PARAMORE, plaintiff in error, *vs.* ROBERT A. PERSONS *et al.,* defendants in error.

1. Title to land, originating in parol purchase, payment of the purchase money and delivery of possession, long prior to the rendition of judgment against the vendor, the possession being adverse and continuous ever since it commenced, will prevent the sheriff from turning out the claimant of

Paramore *vs.* Persons *et al.*

such title, and putting in a purchaser at sheriff's sale under the judgment, even though the deed taken by the claimant bears date after the judgment was rendered. Such deed is to be regarded in connection with the equitable title which it was designed to fortify, and not solely as an original conveyance as of the time it was executed.

2. Generally, an injunction against admitting the purchaser at sheriff's sale into possession, will not be granted, where the act of dispossessing the complainant would be a naked trespass: *5 Georgia Reports, 580 ; 8 Ibid., 119; 11 Ibid., 294; 44 Ibid., 266; 45 Ibid., 201.* And see *23 Ibid., 318 ; 3 Kelly, 207 ; 6 Georgia Reports, 423 ; 52 Ibid., 630.* Compare *22 Georgia Reports, 165 ; 40 Ibid., 293 ; 10 Ibid., 576 ; 32 Ibid., 241.*

3. The marshal of the United States has only the powers of a sheriff, in the matter of perfecting a sale of land by giving possession to the purchaser, and as, on the facts in the present bill, the marshal could not have turned out the complainants nor the defendant have entered, without committing a trespass, there was no occasion for enjoining the defendant, who is not alleged to be insolvent, from entering under the marshal, and therefore there is no equity in the bill. It is to be presumed, in the absence of any averment on the subject, that the marshal, on being advised by the complainants of the facts constituting their whole title, and especially of their adverse possession at the time of the judgment and for a long period anterior thereto, would have declined to disturb them.

Injunction. Title. Judgments. Trespass. Levy and sale. Marshal. United States Courts. Before Judge CRAW-FORD. Muscogee Superior Court. November Term, 1875.

Robert A. and William H. Persons filed their bill against William E. Paramore, making, in brief, this case:

In the year 1857, one Thomas L. Salter married Susan R. Persons, widow of R. A. Persons, and mother of complainants. Said Thomas L. thereupon took possession of property and money to the amount of $10,000 00, which belonged to complainants and one Turner Persons, since deceased, as the heirs of their father. He managed these effects, without any letters of guardianship, up to and including the year 1865, when he acknowledged an indebtedness to complainants of $5,000 00. In part payment of this indebtedness, he sold and delivered to them, in the year 1867, certain lands, promising to execute a title to the same at some more convenient time; but this he failed to do until a few days before his death, which occurred on June 17th, 1873. Complainants have been in the quiet

and peaceable possession of said lands, claiming the same adversely to all persons, from June 1st, 1867, up to the present time.

In April, 1872, a judgment was rendered by the circuit court of the United States for the southern district of Georgia, in favor of Baker *et al.* against said Salter, for $2,137 00, principal, besides interest and costs, which has since been transferred to the defendant. The execution based upon this judgment was, on December 19th, 1873, levied upon lands belonging to said Salter, and also upon those conveyed to complainants. On the first Tuesday in February, 1874, these lands were sold by the marshal, and the defendant became the purchaser. At this sale notice was given of the claim of complainants and of this application for injunction.

It was expressly understood between complainants and said Salter, at the time they were placed in possession of said premises, that they had fully paid for the same, they agreeing to cancel $3,000 00 of his indebtedness to them. These lands were bid off by said defendant at the price of $200 00, they being worth five times that sum. Since said sale the defendant has threatened to cause complainants to be dispossessed by the marshal, and such officer, under the advice and influence of the defendant, intends to eject them. Complainants have made their arrangements to cultivate said lands during the present year, and have been busily engaged in preparing the same for a crop. If they are now dispossessed, and said defendant be not held responsible for the damages thereby caused, they would be irreparably injured. They therefore pray that the defendant and his confederates be enjoined.

The writ of injunction was ordered to issue. When the case was called for trial, the defendant moved that the bill be dismissed for want of equity. The motion was overruled, and he excepted.

The case proceeded, and resulted in a verdict for complainants. A motion for a new trial was made and overruled. The whole case was brought up, but the only assignment of

error material here is that based upon the refusal of the court to dismiss the bill for want of equity.

D. H. BURTS, for plaintiff in error.

BLANDFORD & GARRARD, for defendants.

BLECKLEY, Judge.

1. This bill had but a single object, which was to enjoin the defendant from entering into possession of the land, and dispossessing the complainants. The specific act apprehended and sought to be prevented, was, calling in the marshal of the United States to deliver possession of the premises, in consequence of a sale thereof made by him, officially, under a judgment of the circuit court of the United States against a third person, at which sale the defendant in the present bill was the purchaser. The complainants admit that they held the land under the defendant in that judgment, and that the deed from him to them was executed after the judgment was rendered; but they allege various facts amounting, in substance, to a parol purchase of the land several years anterior to the judgment, with payment of the purchase money in full, and simultaneous entry into possession under that purchase, which possession has been, in their own right, adverse, and continuous ever since. The deed was made on no new bargain or consideration, but as the result of these antecedent facts, and to clothe the complainants with full *indicia* of title. Not only did the complainants hold possession of the land at the time the judgment was rendered against their vendor, but the purchase money having been all paid, their possession was rightfully their own. As against him, they were the real equitable owners. They could have maintained a bill to compel him to make the conveyance which he afterwards made voluntarily. That being so, the deed is to be treated as lending support to their prior equity and adverse possession, and not as overthrowing the same: 20 *Georgia Reports*, 120; *Sterling vs. Arnold*, 54 *Ibid.*, 690; *Gwinn vs. Smith*,

55 *Ibid.*, 145; *Morgan vs. Taylor*, 55 *Ibid.*, 24. The complainants did not lose the equitable title which they had before and at the time of the judgment, by afterwards accepting the formal legal title. Their equitable title, with the adverse possession attending it, being older than the judgment, was sufficient to prevent a summary dispossession by the officer: Code, section 3651; 3 *Kelly*, 207; 6 *Georgia Reports*, 423; 23 *Ibid.*, 318; 44 *Ibid.*, 266; 45 *Ibid.*, 201; 52 *Ibid.*, 630. To hold this, it need not be assumed that, on the trial of the title in court, it would prevail over that acquired at the marshal's sale. If the judgment under which the sale took place was founded on a debt contracted upon the faith of this property before the equitable title originated, that circumstance might so aid the creditor's lien that it would pass a complete title to the purchaser at the official sale, in consequence of the rule that what the creditor has a right to sell the purchaser has a right to buy: See 54 *Georgia Reports*, 543. But the officer, on a mere question of displacing an occupant who held possession in his own right at the date of the judgment, claiming as purchaser, with the purchase money paid, could not enter into a comparison of titles and determine their relative superiority. It would be enough for him that the adverse claim and possession were of longer standing than the judgment.

2. The weight of decisions by this court is against interfering by injunction to restrain a mere trespass: 5 *Georgia Reports*, 580; 8 *Ibid.*, 119; 11 *Ibid.*, 294; 10 *Ibid.*, 576; 32 *Ibid.*, 241; 22 *Ibid.*, 165; 40 *Ibid.*, 293. See Code, section 3219.

3. The marshal's power in the matter of putting purchasers in possession is only a counterpart of that which a sheriff has in like cases: Revised Statutes United States, section 788. For him to remove the complainants, or for the defendant to enter under him, would be a trespass. It is not alleged in the bill that the marshal intends to run over or disregard the complainants' title. Indeed, it does not appear that the facts of their title and possession have ever

been brought to his notice.  The presumption is, that were he fully informed thereof, he would decline to molest the complainants.  Assuming that what the bill avers as to the preparations for farming on the land, and as to the irreparable nature of the injury which would result from interfering with their operations as farmers, would give the complainants a claim upon the remedy of injunction stronger than is presented in an ordinary case of trespass, still, to complete their right to such a remedy, they should at least show that they have done all that they ought to do in acquainting the marshal with the facts of their case, and that, nevertheless, their possession is threatened or in peril.  It is questionable, even then, if an injunction from a state court could prevent a purchaser from entering under the marshal.  Delivery of possession in consummation of an official sale under final process, is a final step in the execution of such process.  Certainly, the marshal, himself, could not be enjoined at that stage any more than at a prior one.  And it is not clear that a purchaser could be enjoined from receiving possession at the hands of the marshal, any more than he could be enjoined from accepting a deed or making a bid.  As we rule that the bill was without equity and ought to have been dismissed at the hearing, on the motion which was made and overruled, it is unnecessary to consider any other question found in the record.

Judgment reversed