## LASH ET AL. *v.* LASH.

DIVORCE.—*Section* 18 *of the Divorce Act Construed.*—*Husband and Wife.*— Section 18 of the statute "regulating the granting of divorces," etc., 2 R. S. 1876, p. 324, gives to a divorced wife, on the death of her divorced husband, no interest in his real estate.

SAME.—*Effect of Divorce on Joint Tenancy.*—*Rights of Survivor.*—*Conveyance.* —Where a divorce is decreed between a husband and wife, to whom real estate has been conveyed "as joint tenants, survivor taking the whole," they thereby become joint tenants of the same during life, and, on the death of either, the whole estate vests in the survivor.

From the Noble Circuit Court.

*A. A. Chapin*, for appellants.

*W. L. Penfield* and *D. D. Moody*, for appellee.

PERKINS, J.—This action was brought by the appellants for partition of a tract of land.

The complaint alleges, that, on the 6th day of April, 1870, one Shyrer and wife executed a deed to Philip Lash and Sarah Lash, his wife, of a tract of land, which is described in the complaint, and a copy of which deed is filed therewith; that, on the 7th day of July, 1872, the said Sarah Lash, in the court of common pleas of Noble county, Indiana, obtained a divorce from the said Philip, for his misconduct, whereby the joint estate, created by said deed in the said Philip and wife, became severed, and they each became the owners of the undivided one-half of said land, as tenants in common; that, on the 15th day of February, 1873, the said Philip died intestate, seized of the undivided one-half of said land by virtue of said conveyance and decree of divorce, and that plaintiffs, who are his children and heirs at law, inherited their father's interest, and thereby became, and still are, the owners of the undivided one-half of said land, as tenants in common with the said Sarah, who is still the owner of the other undivided one-half. Wherefore they ask partition, etc.

Copies of the deed from Shyrer and wife, and of the

proceedings and judgment and decree of divorce, are referred to in, and accompany, the complaint.

To this action, an appearance was made in the circuit court, and a demurrer filed to the complaint by the appellee, alleging, as ground of demurrer, that the complaint did not state facts sufficient to constitute a cause of action, which demurrer was sustained, and an exception reserved, and an appeal taken to this court.

The decision of the court on the demurrer is the only error assigned in the record.

The source of the title, and the proceedings and decree in the divorce suit, are, as we are informed by counsel, purposely set out in the complaint, so that a decision upon the demurrer will decide the whole matter of dispute between the parties.

The deed is in the statutory form, and that part which is essential in this case reads as follows:

"This indenture witnesseth, that Thomas T. M. Shyrer and Louisa L. Shyrer, his wife, of Noble county, in the State of Indiana, convey and warrant to Philip Lash and Sarah Lash, wife of the said Philip, as joint tenants, (survivor taking the whole,) of Noble county, Indiana, for the sum of —," etc., describing the real estate in Noble county, Indiana, named in the complaint.

The petition for divorce alleges, that the said Philip Lash had beaten and struck his wife Sarah with his fist; that he had falsely accused her of adultery, and that he was an habitual drunkard.

An appearance was made to the action for divorce, an answer filed of general denial, and a trial had, and finding by, the court, that all the allegations of the petition were true and fully proved, and a divorce decreed, and one thousand dollars alimony allowed.

Section 18 of our statute concerning divorces reads as follows:

"Sec. 18. A divorce granted for misconduct of the husband shall entitle the wife to the same rights, so far

as her real estate is concerned, that she would have been entitled to by his death." 2 R. S. 1876, p. 330.

This section gives her no right in his real estate.

This suit, as appears, was brought by the heirs of Philip Lash, against Sarah Lash, late wife of said Philip, for partition of real estate conveyed to said Philip and his wife Sarah by the deed above copied into this opinion.

The plaintiffs claim that the land, at the time of Philip's death, was held by him and his late wife, from whom he had been divorced, as tenants in common, and that one-half of said real estate is theirs, by inheritance from their father. While, on the other hand, the defendant, Sarah, claims that the effect of the divorce was to vest the title to the real estate in question in her; and, if it did not, that the death, at all events, of said Philip did; so that, she being the sole owner, there can be no partition.

The court below, as we have seen, held this view to be correct, and sustained a demurrer to the complaint.

We do not think section 18, above quoted from the statute, has any bearing on this case. That section applies to property of which the wife was owner, as her separate property, before and at the time of the divorce, subject only to a restraint upon alienation, without the consent of her husband. She was not such owner of real estate held by her and her husband by tenancy by entireties. It can not be said, with any propriety, that such property was her separate property before and at the time of the divorce. We think this the more reasonable and just construction of the section quoted.

Tenancy by entireties originated in the marital relation, founded on the idea of the unity of husband and wife, rendering them but one person in law. The continuance of such tenancy, in a given case, depended upon the continuance of the marital unity. The dissolution of that unity, before death, whereby two actual persons

Lash *et al. v.* Lash.

were restored to their natural severalty, operated to divide the title to the estate held by them, while husband and wife, by entireties, equally between them, making them tenants in common thereof, when there was nothing in the deed of conveyance controlling the matter. The effect of the divorce was to simultaneously destroy the fictitious unity of the persons, and destroy the tenancy by entireties. *Harrer* v. *Wallner;* 80 Ill. 197.

We approve the decision in that case   But the deed of conveyance, as appears in this case, declared the grantees to be joint tenants, with right of survivorship.   We need not enquire whether this tenancy, so declared, superseded, during the continuance of the marriage, that which resulted by law from the conveyance to husband and wife, without any declaration as to the manner of holding; because, we think, that, as in an ordinary deed the parties hold by tenancy in common, which, in cases of conveyances to husband and wife, is superseded, or put in abeyance, by tenancy by entireties during the continuance of the marital relation, and, on the dissolution of that relation otherwise than by death, the tenancy in common is restored ; so, where the parties, husband and wife, hold by a conveyance declaring them to be joint tenants, we think, on the dissolution of the marital relation by divorce, the joint tenancy declared in the deed becomes the tenancy by which the divorced parties thenceforward hold the property.   See 1 R. S. 1876, p. 363, sec. 7.

This, however, would be unimportant in the case, were both parties still living, because estates in joint tenancy, as well as those in common, are subject to compulsory partition, at least so far as possession is concerned, during the continuance of the joint tenancy.   2 Cooley Bl. Com., p. 185 ; 2 R. S. 1876, p. 343.

But, in this case, Philip Lash, the divorced husband, is dead.   Upon his death, by the *jus accrescendi* the title to

the entire property vested in the surviving joint tenant, by the express terms of the deed. The heirs of Philip inherited nothing in the property in question from him. Hence, the complaint of the heirs in this case disclosed no cause of action, and the demurrer to it was rightly sustained.

Affirmed, with costs.