DODGE *v.* SPIERS.

The plaintiff in ejectment introduced in evidence the record of an equity cause in the United States circuit court, with the decree rendered therein finding that three named persons (a deed to whom had been introduced by the defendant) were agents of a named corporation, had bought the land mentioned in the deed to themselves with money belonging to that corporation, and had attempted to convey the same to it by a deed which was imperfectly executed; that it had conveyed these lands to other persons, and that finally the same were conveyed to the plaintiff; and directing that the three agents of the corporation and all the defendants in the cause claiming under them execute to the plaintiff their deed to the lands; and that they be enjoined from selling or disposing of or interfering with them, either by themselves or by their agents or attorneys: *Held,* that the effect of this decree was to put into the plaintiff a perfect equity, and as to the heirs at law of the three agents of the corporation his equity was complete, so that he could maintain ejectment and recover upon his equitable title.

June 2, 1890.

Ejectment. Title. Equity. Evidence. Judgment. Before Judge ROBERTS. Telfair superior court. October term, 1889.

Reported in the decision.

HILL & HARRIS, R. K. HINES, DeLACY & BISHOP and LANIER & ANDERSON, for plaintiff.

L. A. HALL and FELDER & CORKER, by HARRISON & PEEPLES, for defendant.

BLANDFORD, Justice.

Dodge brought his action of ejectment to recover possession of certain land. Upon the trial he intro-

duced in evidence certain plats and grants from the State to Peter J. Williams, of the county of Baldwin; a deed from the heirs at law and executor of Williams to William Pitt Eastman, and a conveyance from Eastman to himself. The defendant introduced a deed to the premises in dispute from Peter J. Williams to Chase, Colby and Crocker, dated February 28th, 1834. The plaintiff, in rebuttal, introduced an exemplified copy of a record from the United States circuit court of the southern district of Georgia, of a case between Dodge, the plaintiff, and certain persons therein named as heirs at law of Colby, Chase and Crocker, and certain other persons as agents, attorneys and transferees of the heirs at law of Colby, Chase and Crocker. The record consisted of a bill in equity, answer, and a decree thereon. The bill alleged (and it was so found by the decree) that Colby, Chase and Crocker were the agents of the Georgia Lumber Company, having bought the lands mentioned in the deed from Williams to themselves, with money belonging to the Georgia Lumber Company; that they attempted to convey these lands to the Georgia Lumber Company by a deed which was imperfectly executed; that the Georgia Lumber Company sold and conveyed these lands to other persons; and that finally the lands were conveyed to Dodge, the plaintiff. It was decreed that the heirs at law of Colby, Chase and Crocker, and all the defendants in the bill claiming under them, execute to Dodge their deeds of conveyance to the lands in question; and they were enjoined from selling or disposing of such lands, either by themselves or their agents or attorneys in fact or in law, or in anywise interfering therewith. The court below held that this record and decree of the United States court did not show title in Dodge; and this ruling we think was error. We think the effect of the decree was to put into Dodge a perfect equity, and as

to the heirs at law of Colby, Chase and Crocker his equity was complete; so that he could maintain ejectment and recover upon his equitable title. This court has repeatedly held that a plaintiff in ejectment may recover upon an equitable title when the same is a perfect equity.                              *Judgment reversed.*