VAN BRUNT, P. J., concurred.

Verdict set aside and a new trial ordered, with costs to the plaintiff to abide event.

MARIA STELTZ, PLAINTIFF, *v.* MINNIE SCHRECK AND OTHERS, DEFENDANTS.

*Husband and wife — tenants by the entirety — after an absolute divorce they become tenants in common — evidence that the husband furnished the purchase-money is immaterial.*

Where a husband and wife, seized of real property as tenants by the entirety, are absolutely divorced because of the wife's adultery, they are thenceforth seized of the premises as tenants in common.

Where, after such divorce, the husband remarries and dies, his widow is entitled to be endowed in one-half of the premises.

In an action by the widow to enforce her dower rights, evidence that the purchase-money of the premises was paid by the husband is immaterial ; the rights of the husband and wife, the grantees in the deed, depend only upon the deed to them. jointly and upon their marital relations.

APPEAL by the plaintiff Maria Steltz from so much of an interlocutory judgment, entered, on the 10th day of December, 1890, in the clerk's office of the county of New York, as declared her to be

entitled to dower in one equal undivided half of the premises described in the complaint in this action, and an appeal by the defendant Minnie Schreck from the same direction of said interlocutory judgment, after a trial before the court at Special Term; also motions at the General Term for a new trial, under section 1001 of the Code of Civil Procedure, by each of such parties.

*George H. Kracht,* for the plaintiff.

*Edward S. Johnston,* for defendant Schreck.

*S. Jones,* for guardian *ad litem.*

DANIELS, J.:

The land in question was conveyed by deed jointly to William Stelz and the defendant Minnie Schreck, who were then husband and wife. The effect of this deed was to vest each of the grantees with the entirety and the right of absolute ownership in the survivor. (*Jackson* v. *McConnell*, 19 Wend., 175; *Washburn* v. *Burns*, 34 N. J. Law, 18; *Bram* v. *Bram*, 34 Hun, 487; *Zorntlein* v. *Bram*, 100 N. Y., 12; *Chandler* v. *Chency*, 37 Ind., 391.) As to these results of the conveyance, the law has been uniform in its determinations.

After this conveyance had in this manner taken effect, William Stelz obtained a divorce from his wife Minnie Stelz, now Minnie Schreck, because of her adultery. And soon afterwards he married the plaintiff, and he died on the 8th of February, 1889, leaving a will which has been admitted to probate by the surrogate of the county of New York. The plaintiff then brought her action for dower in this real estate, and the court at the trial sustained her right to be endowed in the equal undivided half of the land, on the ground that after the divorce the parties to that action became tenants in common. This view has failed to meet the approval of either party, and each has appealed from the interlocutory judgment and uselessly added a motion for a new trial.

The statute has not declared that a decree of divorce, on the ground of adultery, shall affect or change the seizin of the former husband and wife under a deed to them jointly. It has extended no further than to exclude the delinquent wife from dower in her husband's real estate, and from all participation in

his personal property. (3 R. S. [6th ed.], 157, § 61.) And for-feited every jointure, devise and pecuniary provision made for her in lieu of dower. (2 R. S. [6th ed.], 1122, § 15.) Whether the seizin and estate created by this deed has been changed must, accordingly, be determined from the effect the decree necessarily had on the relations of the parties.

After it was recovered they were no longer one person in law. From that time they ceased to be husband and wife, and became as completely two persons as though they had not been married. The joint seizin by the entirety resulted, in judgment of law, from the deed having been made to them as husband and wife. It arose out of, and depended upon, that relation. That was its legal foundation, and that was completely removed and abrogated by the decree of divorce.

The basis of this seizin wholly disappeared when the divorce was recovered. And, logically, it followed that as the grantees in the deed could no longer hold under the tenure resulting from the marriage, that the estate in the land must have been thereby changed. And as they had become in law two persons, that the deed to them from that time created a tenancy in common, the same as it would if they had been unmarried when it was delivered. They were no longer seized in the entirety, for the marriage on which that depended had been dissolved. And when that was done then the deed had its effect as a joint conveyance to two per-sons, creating the only estate permitted under its language of a tenancy in common. It is an incidental consequence resulting from the separation of the grantees into two legal and distinct individuals. This subject, under similar circumstances, was examined in *Ames* v. *Norman* (4 Sneed, Tenn. Reps., 683), and this result was held to follow a decree for divorce. And it has been further followed in *Lash* v. *Lash* (58 Ind., 526) and *Harrer* v. *Wal'ner* (80 Ill., 197). And this view has been commended in 2 Bishop on Marriage and Divorce, section 716. While the principle cannot be affirmed to be free from doubt, it seems to legally follow from the radical change made in the relations of the parties by the decree of divorce.

The exclusion of the evidence offered to prove that the purchase-price of the land was paid by the husband was not erroneous. For that fact could have worked no change in the title. It was

created by the deed and the marital relation of these persons. In the action for the divorce it might have been entirely pertinent in the way of excluding the guilty wife from all interest in the land. (*Renwick* v. *Renwick*, 10 Paige, 421.) But upon this trial that could not be done. The offer came too late.

The case seems to have been disposed of as it should be by the Special Term, and the judgment should be affirmed and the motions for a new trial denied. And as neither party succeeds, it should be without costs.

Van Brunt, P. J., concurred.

Judgment affirmed and motions for a new trial denied, without costs.