# Donegan v. Donegan.

### *Bill in Equity for Sale of Land for Division.*

1. *Deed to husband and wife; tenants in common.*—Under the statutes of this State creating and regulating the separate estates of married women, investing them with the capacity of taking estates by moieties, a deed conveying land to the husband and wife, without declaring therein as to what their interest should be, creates the same estate as if a deed had been made before coverture, and the husband and wife each take by moiety, and are tenants in common.

2. *Right of wife to file bill for sale of property for division after divorce.*—After a wife has been divorced, she may maintain a bill against her husband to have lands, which were jointly owned by them, sold for division, upon averring the proper jurisdictional facts.

APPEAL from Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellee, Laura Donegan, against the appellant, James Donegan, on December 8, 1892, and prayed for the sale of a certain lot, described in the bill, for division between the complainant and the respondent. The bill averred the marriage of the complainant and respondent in 1864, and that in December, 1870, the complainant and respondent purchased the lot sought to be sold for division from one Darwin and wife. It was also averred that on September 13, 1892, the complainant obtained a decree of divorce *a vinculo matrimonii* from the respondent. The ground on which the relief is asked, as shown by the

[Donegan v. Donegan.]

averments of the bill, is, that the lot conveyed to the complainant and respondent can not be equitably divided or partitioned without the sale thereof. The deed from Darwin and wife, conveying the lot in controversy, recited the receipt of the consideration from "James Donegan and wife" and conveyed the said lot to "James Donegan and wife."

On the final hearing of the cause, the chancellor decreed that the complainant was entitled to the relief prayed for. It is from this decree that the present appeal is prosecuted, and the same is here assigned as error.

D. D. SHELBY and S. S. PLEASANTS, for appellant.—
1. The complainant and defendant being husband and wife at the time the conveyance was made to them, they could not be joint tenants of the land, but were tenants by the entirety, and are seized of the real estate by entireties and not by moieties.—1 Wash. Real Property, 706; 4 Kent's Com., 397, § 362, (11th Ed.); 2 Cooley's Blackstone, 453, § 181, (2d. Ed.); 1 Devlin on Deeds, § § 117–119.

2. If complainant and defendant are tenants by the entirety of the land described in the bill, no partition can be had of it. Tenants by the entirety have no right of partition—*Bertles v. Nunan*, 92 N. Y. 152; *Bennett v. Child*, 19 Wis. 362, s. c. 88 Amer. Dec. 693. Estates by the entirety have often been recognized by the Supreme Court of Alabama as existing in this State.—*Baker v. Prewitt*, 64 Ala. 551.

D. I. WHITE and TANCRED BETTS, *contra*, cited *Walthall v. Goree*, 36 Ala. 728; *Clark v. Hart*, 57 Ala. 390; *Cockrell v. Coleman*, 55 Ala. 584.

HARALSON, J.—1. The deed under which the parties to this suit hold the property sought to be sold for division, on the ground that it can not be partitioned in kind, conveyed the property to the husband and wife, without any declaration in the instrument as to what their interest or tenancy should be. There is no doubt that, under such a deed, at common law, the husband and wife acquired an estate, not as joint tenants, or tenants in common,—not one which they acquired by

moieties, but by entirety. For a full discussion of an estate by entirety, with a collection of the English and American authorities on the subject, reference may be had to 1 Devlin on Deeds, §§ 117, 118 ; Stewart on Husband and Wife, §§ 303–309.

2. But, there are two reasons why the complainant and defendant do not hold this property by entireties. After they acquired the property under the deed to them, in a proceeding instituted for that purpose in the chancery court of Madison county, the complainant was, on the 13th of September, 1892, by the decree of said court, regularly and legally divorced from the bonds of matrimony with the respondent. This destroyed the common law fiction of unity—the two in one—of the two persons on which the doctrine of estates by entirety rested, and rendered them tenants in common.—Stewart on Husband & Wife, § 309 ; Stewart on Marriage & Divorce, §§ 441–444 ; Bishop on Marriage & Divorce, § 716 ; *Hinson v. Bush,* 84 Ala. 368 ; *Baggs v. Baggs,* 55 Ga. 590, 591 ; *Harrer v. Wallner,* 80 Ill. 199, 204 ; *Lash v. Lash,* 58 Ind. 526, 528 ; *Depas v. Mayo,* 11 Mo. 314.

3. And, however, it may be elsewhere, this court has decided that such a conveyance, under the statutes of this State, creating and regulating the separate estates of married women,—such as existed at the date of this deed,—creates the same estate in the parties, as if it had been made before the coverture ; that being invested with the capacity of taking by moieties, the reason of the rule of the common law, that they should take by entirety,—*per tout,* not *per my,*—has ceased to exist. This doctrine, since first announced, has been recognized by repeated subsequent decisions.—*Walthall v. Goree,* 36 Ala. 728 ; *Sloan v. Frothingham,* 72 Ala. 589, 603 ; *Holt v. Wilson,* 75 Ala. 59, 66 ; *Whitlow v. Echols,* 78 Ala. 209 ; *Houston v. Williamson,* 81 Ala. 482.

The only error assigned against the decree of the court below, insisted on in argument of counsel for the defendant is, that the complainant is not entitled to the relief granted, on the ground that the deed, by which she and the defendant hold the property, created in them an estate by entireties, not subject to sale for partition or division. But, as we have seen, there is no error in the decree on that account, and it is affirmed.