# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 23, 1902.

ANNE LOUISA PARLETT
VS.
BENJAMIN J. PARLETT.

*Thomas C. Ruddell* for plaintiff.
*Thomas J. Mason* for defendant.

STOCKBRIDGE, J.—

This case arises under exceptions to the report of the Auditor and Master, and presents three questions for determination.

1st. As to the granting of a divorce a mensa et thoro.

2nd. As to the proper disposition or division of the proceeds of certain property held by the parties as tenants by the entireties.

3rd. The proper amount to be allowed the wife out of the proceeds of the separate property of the husband by way of alimony and for the maintenance of a minor child of the parties.

With regard to the first of these, there is no difficulty or dispute that the recommendation of the Auditor and Master in favor of the granting of the divorce a mensa is correct, and a decree has already been entered to that effect, reserving the other questions for fuller consideration.

With regard to the second proposition, it is believed that no direct authority upon the question exists. It arises in this way: During the married life of the parties two pieces of property were conveyed to them as tenants by the entireties. During the progress of this case both of these have been sold by the authority of this court, and the fund arising from those sales is in the hands of the receivers appointed by this court for disposition, and this

the Master has recommended should be equally divided between the parties.

There is practical unanimity among the text writers and in the adjudicated cases that where there is an estate by the entireties vested in husband and wife, and an absolute divorce takes place, the effect of such dissolution of the marriage tie is to destroy the estate and convert it into an estate of joint tenancy or tenancy in common according as the policy of the State favors one or the other of these two estates.

Nelson on Mar. & Div., Sec. 1025.

Brown on Div. & Alimony, p. 417.

II Bishop on Mar., Div. & Sep., Sec. 1649-1652.

Steltz vs. Shreck, 128 N. Y. 263.

Baggs vs. Baggs, 55 Ga. 590.

Biggi vs. Biggi, 98 Cal. 35.

And this is for the reason that at common law the husband and wife were regarded as one person, and the estate depended on the theory of the legal unity of the husband and wife, that when the unity of the person was dissolved, it terminated that of the estate, and that the severance of the unity of the estate must result in either a joint tenancy or tenancy in common.

But a divorce a mensa is entirely different in its legal effect upon the person from a divorce a vinculo. It would work no severance of the legal unity of the person, the marriage bond remains in full effect. II Bishop, Sec. 1695, and the property rights of the parties are in no wise affected.

II Bishop on Mar., Div. & Sep., Sec. 1672.

Nelson on Marriage & Div., Sec. 1022.

Hokamp vs. Hagaman, 36 Md. 511.

Therefore rights that flow naturally and logically from a dissolution of the marriage cannot ensue when no such dissolution takes place. Or, as more specifically stated in a note on p. 335 of 30 L. R. A., "A judicial separation or divorce a mensa et thoro does not effect entirety estates." If, then, a divorce a mensa in no way effects this estate, and since the element of survivorship is an important element of such a tenancy, it follows that any division or distribution of the property or the proceeds of it would be erroneous, and upon this point the exception to the report of the master will be sustained;

and after there shall have been deducted from the proceeds of sale of the properties held by the entireties the expenses incident to the making of said sales, the balance remaining will be directed to be invested by trustees to be appointed, to be by them held in like manner as the property was held by the parties.

III. The property owned by the defendant in severalty realized at the sales which have been made of it the sum of $1,500, and of this the Master recommends should be awarded $500 to the wife, as a lump allowance by way of alimony, she being charged with the maintenance of the minor child of the parties, and that out of the balance remaining there should be defrayed the costs of suit, and any balance unpaid of the alimony allowed pendente lite, up to the date of the decree a mensa, and the net residue turned over to the husband. This recommendation of the Master will be approved. The testimony discloses the husband as solely at fault, nor is there a single palliating circumstance for his conduct. In this condition such allowances cannot be regarded as excessive.

A supplemental decree will, therefore, be entered in accordance with the foregoing opinion.