Waycross Military Association Inc. *et al. v.* Hiers *et al.*

Candler, Justice. Jack S. Hiers and 32 others brought a suit in equity against Waycross Military Association Incorporated and against Charles B. Blount Jr., Robert E. Matt, Harold Fasnacht, William D. Gillis, Ralph W. Farr, James E. McCloud, Hugh B. Brooks, Alfred C. Strick-

land, and Lem A. Purdom, individually. The petition, after being amended and insofar as it need be stated here, made substantially the following allegations: On September 15, 1932, and for a consideration of $2000, J. O. Waters conveyed 715 acres of land·in Pierce County, Georgia, to Company F, 121st Infantry, Georgia National Guard, Ware County, Georgia, an unincorporated national guard company. From the date of purchase to December, 1935, the petitioners and the defendants Hugh B. Brooks, Ralph W. Farr, Alfred C. Strickland, and Lem A. Purdom, together with several others, who were members of said national ·guard company during that period of time, personally and as individuals paid for the land in full and because of such payment became joint owners of it in their respective individual capacities, and as such individual owners they personally improved the land and used it for recreational purposes. Said Company F was called into active military service on September 15, 1940, and after the members became integrated with Federal troops its identity as a national guard company was lost. Subsequently and on April 30, 1952, Company G, 121st Infantry, Georgia National Guard, Ware County, Georgia, and the individual defendants, executed and delivered a warranty deed, which purports to convey all of the land purchased from Waters on September 15, 1932, to the defendant Waycross Military Association Inc. The grantors, other than Brooks, Farr, Strickland, and Purdom, had no title to or interest in the land so conveyed and the deed passed no title to the purchaser, except that interest therein individually owned by Brooks, Farr, Strickland, and Purdom. Much valuable timber is growing on the land, and the defendant Waycross Military Association Inc. is disposing of it by sale, more than 1000 trees having already been cut and removed therefrom. The land is owned by several as tenants in common, many of whom and the amount paid by them on the purchase price being unknown to the petitioners, and for this reason it cannot be divided in kind, and equity should intervene for the purpose of protecting the rights of the common owners, for the purpose of partitioning the common property and preventing a multiplicity of suits.

The prayers are for process; that the title to the land be decreed in those who purchased it from Waters and who furnished and paid the purchase money; that the common property be partitioned in equity; that a receiver be appointed and empowered to sell the land and pay over the proceeds received therefrom to the several co-owners, after they are ascertained by the court; that the defendants be restrained and enjoined from selling the timber on the common property; and that the petitioners and those similarly situated be granted general relief. The exception is to a judgment overruling a general demurrer to the petition as amended. *Held:*

1. A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333).

2. The allegations of the amended petition are sufficient to show that the plaintiffs and others similarly situated own the land in question as tenants in common. They have, as shown by the facts alleged in the

amended petition, a perfect equity in the land; and this is true even though title to it was taken by them in the name of an unincorporated national guard company in which they had membership. *Pitts* v. *Mc-Whorter*, 3 *Ga.* 5 (46 Am. D. 405); *Peterson* v. *Orr*, 12 *Ga.* 464 (58 Am. D. 484); *Dudley* v. *Bradshaw*, 29 *Ga.* 17, 25; *Paramore* v. *Persons*, 57 *Ga.* 473; *Temples* v. *Temples*, 70 *Ga.* 480, 483; *Glover* v. *Stamps*, 73 *Ga.* 209 (54 Am. R. 870); *Howell* v. *Ellsberry*, 79 *Ga.* 475 (5 S. E. 96); *Dodge* v. *Spiers*, 85 *Ga.* 585 (11 S. E. 610); *Jenkins* v. *Georgia Investment Co.*, 149 *Ga.* 475 (100 S. E. 635). A perfect equity is a good title even at law. *Evans* v. *Sawilowsky*, 179 *Ga.* 547 (176 S. E. 625). The ruling in *Clarke* v. *Armstrong*, 151 *Ga.* 105 (106 S. E. 289), is not controlling in the instant case as counsel for the plaintiffs in error argue; it is distinguishable on its facts.

3. It is provided in the Code, § 85-1504, that where two or more persons are common owners of lands and tenements in this State, whether by descent, purchase, or otherwise, and no provision is made, by will or otherwise, as to how such lands and tenements are to be divided, any one of such common owners may apply to the superior court of the county in which such lands and tenements are situated, at term time, or to the judges thereof at chambers, for a writ of partition, setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned, and defining the share and interest of each of the parties therein. And it has been held that these statutory proceedings partake of the nature of proceedings in equity. See *Hamby* v. *Calhoun*, 83 *Ga.* 311 (9 S. E. 831). But in § 85-1501, which also relates to the subject of partition, it is expressly declared that "Equity has jurisdiction in cases of partition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just." A consideration of the pleaded facts of the instant case leads to the conclusion that this is a case where there exist the peculiar circumstances rendering the proceedings in equity more suitable, just, and complete. When the title to land is in several tenants in common, and their several interests have become complicated and cannot be definitely ascertained and set apart at law, equity will entertain jurisdiction to adjust by one decree the rights of all. *Smith* v. *King*, 50 *Ga.* 192 (3).

4. A court of equity has jurisdiction to and may appoint a receiver to take possession of and protect joint property, whenever the danger of its destruction and loss shall require such interference. Code, § 55-302. See *Rutherford* v. *Jones*, 14 *Ga.* 521 (60 Am. D. 655). And in a suit between cotenants of real estate to obtain equitable relief with respect to the common property, a receiver may be appointed where the plaintiff's title or right is probable and a receivership is necessary for the preservation of the subject matter of the suit or for the protection of the interests of the parties therein pending the litigation. Code, § 55-301; *Williams* v. *Jenkins*, 11 *Ga.* 595; *Baggs* v. *Baggs*, 55 *Ga.* 590; *Crockett* v. *Crockett*, 75 *Ga.* 202; *Knight* v. *Knight*, 75 *Ga.* 386; *West* v. *Mercer*, 130 *Ga.* 357, 360 (60 S. E. 859); *Hatton* v. *Johnson*, 150 *Ga.* 218 (103 S. E. 233). And the Code, § 55-301, provides for the appointment of a receiver, not only when property is in litigation and the

rights of the parties cannot otherwise be fully protected, but also "when there may be a fund or property having no one to manage it." It requires no strained construction to say that the words "having no one to manage it" have reference not to a mere physical management, but to a proper and efficient management. Mere physical management by an unfriendly person might conceivably be worse than no management at all, because it might amount to mismanagement and waste. See *Parrish* v. *Rigell,* 183 *Ga.* 218 (188 S. E. 15, 107 A. L. R. 1385). And further, we see no reason why partitionment in equity may not be fully and effectually accomplished through and by receivership. So considered, the allegations of the amended petition are sufficient to authorize the appointment of a receiver.

5. Equity by writ of injunction will restrain any act which is illegal or contrary to equity and good conscience, and for which no adequate remedy at law is provided. *Benton* v. *Turk,* 188 *Ga.* 710 (4 S. E. 2d, 580). Injunction is the proper remedy to stay waste in cutting and selling timber from the lands of another. *Griffin* v. *Sketoe,* 30 *Ga.* 300; *Powell* v. *Cheshire,* 70 *Ga.* 357 (48 Am. R. 572). And the rule is well established in this State that the cutting of timber may be enjoined, though the defendant be solvent, where there are frequent acts of trespass, or the circumstances indicate that the trespasses will recur from day to day. *Kimbrell* v. *Thomas,* 139 *Ga.* 146 (76 S. E. 1024); *Moore & Co.* v. *Daugherty, Allen & Co.,* 146 *Ga.* 176 (2) (91 S. E. 14); *Elliott* v. *Adams,* 173 *Ga.* 312 (160 S. E. 336); *Couey* v. *Talalah Estates Corp.,* 183 *Ga.* 442, 445 (188 S. E. 822); *Slaughter* v. *Land,* 190 *Ga.* 491 (9 S. E. 2d, 754). The allegations of the amended petition bring this case within the rule stated above.

6. The petition, as amended, stated a cause of action; hence, it was not error to overrule the general demurrer interposed by the defendants.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18199. ARGUED MAY 11, 1953—DECIDED JUNE 8, 1953.

*Clarence D. Blount,* for plaintiffs in error.

*Ben A. Hodges, E. Kontz Bennett* and *Bennett, Pedrick & Bennett,* contra.