JOHN WEISBERGER v. JOHN T. WISNER ET AL.

*Notice by possession—Mortgage by tenant-in-common.*

1. Occupancy of land, when the occupant has recorded deeds to an undivided interest in it and a contract right to the remaining interest, is such notice of the occupant's rights as will protect the land from the lien of a mortgage of later date than the deeds, except to the extent of the interest remaining in the mortgager.

2. Where a contract could be recorded like a conveyance (How. Stat. § 5689) anything is notice of the rights under it that would be notice in case of a deed.

Appeal from Berrien. (A. J. Smith, J.) Oct. 15.—Nov. 19.

FORECLOSURE bill. Complainant appeals. Affirmed.

*David E. Hinman* and *Edward Bacon* for complainant. Possession, to be notice as against a claimant, must be incon-

sistent with the apparent title: *Staples v. Fenton* 5 Hun 172; *Abbott v. Gregory* 39 Mich. 77; *Le Neve v. Le Neve* 2 Lead. Cas. in Eq. 21; *M'Mechan v. Griffing* 3 Pick. 542; *Great Falls Co. v. Worster* 15 N. H. 312; *Plumer v. Robertson* 6 S. & R. 184; and it is not, when the record shows the possessor's right to be as tenant-in-common: *Adams v. Bradley* 12 Mich. 349; *Reynolds v. Ruckman* 35 Mich. 81; *Van Slyck v. Skinner* 41 Mich. 188; *Dubois v. Campau* 28 Mich. 318; *Culver v. Rhodes* 87 N. Y. 353; *Lowry v. Tilleny* 31 Minn. 500; *Alexander v. Rice* 52 Mich. 451; *Atwood v. Bearss* 47 Mich. 73; *Townsend v. Little* 109 U. S. 511.

*O. W. Coolidge* for defendant.

COOLEY, C. J. This is a suit in equity for the foreclosure of a mortgage given by Franklin Muzzy to Frederick A. White in June, 1873, to secure notes to the amount of eleven hundred dollars. The land mortgaged was the undivided half of the east half of the southwest quarter of section thirty-three, in township three south, of range eighteen west. Muzzy was dead before the suit was instituted, and the only question in the case was whether the mortgage, under the circumstances disclosed in the evidence, was a lien on the land described in it, and, if so, to what extent.

Muzzy, it appears, was, in May, 1858, the owner of the whole quarter section, and as such he entered into a contract with the defendant Wisner whereby the latter was to enter into possession for the benefit of both, and on certain specified terms was to have a conveyance of an undivided half. This conveyance was made October 31, 1862, and thereby Muzzy and Wisner became tenants-in-common, with equal interests. Two years later Muzzy entered into a written contract with Wisner to sell to him the other undivided half for the price of five thousand dollars, and on April 11, 1873, the undivided half of the east half of the quarter section was actually conveyed by Muzzy to Wisner. This left Muzzy owner of the legal title to the undivided half of the west half of the quarter section, but subject to his contract to convey to Wisner when

the purchase price should be paid. And this was the state of the title when Muzzy mortgaged to White.

Wisner claims that before the date of the White mortgage he had fully paid Muzzy for the land; that he was in possession, claiming under his deeds and contract; that his possession was constructive notice of his rights, and consequently the mortgage was not a lien upon the land for any amount whatever. The circuit judge appears to have assented to this view of the legal questions in the case, but was not satisfied by the evidence that Muzzy had been fully paid; and he held that, to the extent that Muzzy still had a claim upon the land under his contract, the mortgage was a lien. And being of opinion that the sum of seven hundred dollars, including interest, was still owing on the contract, he gave decree of foreclosure for that amount.

Complainant appeals from this decree, claiming that the possession of Wisner was no notice to third parties that he claimed any interest in the land further than was shown by the two deeds from Muzzy, both of which were recorded. The deeds, it is said, made Wisner tenant-in-common with Muzzy, and as the possession of one tenant-in-common is presumptively the possession of both, and not hostile to the other, White, when he took his mortgage, had a right to understand that Wisner was holding in the right of himself and Muzzy jointly, and was not constructively notified by the possession of anything different. This is the ground of the appeal. It is further claimed, however, that a larger sum than was decreed was owing from Wisner to Muzzy.

The case of *Adams v. Bradley* 12 Mich. 346, is cited for complainant. In that case it was sought to be shown that where persons were tenants-in-common of lands, which had been acquired by them without reference to any partnership, and not bought with partnership funds, it was not competent to show, for the purpose of defeating a mortgage given by one of the owners, that there was a partnership between all the owners, and that, as between themselves, the land, by reason of certain equities, ought to be considered partnership property. The mortgagee, it was said, had a right to suppose

that the common possession of the three was under and in pursuance of the record title, and not under some other and parol arrangement. This case was followed in *Reynolds v. Ruckman* 35 Mich. 80, and *Van Slyck v. Skinner* 41 Mich. 186.

The cases are not parallel to this. In none of them was anything more than a verbal understanding set up, upon which equities might arise in the settlement of partnership dealings, and in none were the legal rights of the parties, which would have been learned on inquiry, different from those shown by the conveyances. But in this case it is different. Wisner, in addition to the deeds which made him legal owner of an undivided three-fourths, had a contract, which was perfectly legal and binding, and under which he was to become entitled, when he made certain payments, to a deed of the other fourth. And this contract under the statute might have been recorded as a conveyance. How. Stat. § 5689. Third persons were therefore chargeable with notice of it under circumstances which would charge them with notice of a deed.

If Wisner had held a deed of the remaining interest in the land which then appeared to stand in Muzzy, we see no reason why his possession should not have been constructive notice of it. It is true, as complainant says, that the possession was not apparently inconsistent with the record title; but this may be said in any case. It is possible that any possession may be that of a licensee or otherwise subordinate to the record title; and if that were sufficient reason for holding that the possession is no notice of actual rights, the principle on which decisions have been made, giving protection to occupants, would have very limited application.

If Wisner had held no deed of an interest in the land, but had been in possession under a contract of purchase, the possession would indisputably have been notice of his rights. Why it should be any less so when his title has been in part completed by conveyances, is not apparent. The conveyances, one would think, ought to fortify and strengthen his equities, instead of weakening and putting them in danger.

It seems to be unquestionable that Wisner occupied exclusively, and White would have learned this fact on inquiry. No reason is apparent why he should not have been held bound to inquire, as much in this case as in any other. See *Hardy v. Summers* 10 Gill & J. 316: s. c. 32 Am. Dec. 167, in which, upon similar facts, the possession was held to give notice.

Upon the question of fact as to how much was owing to Muzzy from Wisner, we think the complainant has no reason for finding fault with the conclusion of the circuit judge.

The decree must be affirmed.

The other Justices concurred.