ROBERT CARR

*v.*

JOHN BRENNAN *et al.*

*Filed at Ottawa April 3, 1897.*

1. NOTICE—*possession of land under unrecorded lost deed is notice of possessor's rights.* Open, adverse and exclusive possession of land is notice of the possessor's rights therein, derived under an unrecorded deed lost or destroyed, and, with proof of the deed and its loss or destruction, will prevail against a subsequent purchaser from the deceased grantor's heir.

2. SAME—*continued possession is notice though title under which it is held is changed.* Possession of lands by a husband, not originally taken under deed, will nevertheless inure to his benefit as notice of his rights under a deed made to him by his wife, and lost or destroyed, as against one purchasing from his wife's heir after her death.

3. PLEADING—*failure of pleadings to attack deed of homestead waives question of its validity.* The validity of a deed by a wife, directly to. her husband, of their homestead, not joined in by the husband, is not raised where the pleadings do not question the deed for failure of the husband to join.

APPEAL from the Circuit Court of LaSalle county; the Hon. GEORGE W. STIPP, Judge, presiding.

A. E. BUTTERS, and TRAINOR & BROWN, for appellant:

If Ellen Brennan had lived, and on the 7th day of July had executed a deed to appellant, the title would have passed, notwithstanding the alleged unrecorded deed. We apprehend no different rule applies in this case. *Burton* v. *Perry*, 146 Ill. 98; *Bowen* v. *Prout*, 52 id. 356; *Kennedy* v. *Northup*, 15 id. 148.

A *bona fide* purchaser of the legal estate in land will be protected against a prior equitable title of another of which he had no notice. *Robbins* v. *Moore*, 129 Ill. 30.

The presumption is that appellant is a *bona fide* purchaser, and the burden of proof to show bad faith is upon appellees. *Anthony* v. *Wheeler*, 130 Ill. 135.

If the apparent possession of land is consistent with the title appearing of record, it is not the duty of a purchaser to make any inquiry concerning the title beyond what the recorder's office shows. *Butler* v. *Stevens*, 26 Me. 484; *Hewes* v. *Wiswell*, 8 Greenl. 98; *Kendall* v. *Lawrence*, 26 Pick. 542; *McMechem* v. *Griffing*, 3 id. 149; *Smith* v. *Yule*, 31 Cal. 180; *Lestrade* v. *Barth*, 19 id. 675; *Dutton* v. *Warshauer*, 21 id. 627; *Fair* v. *Steverot*, 29 id. 486.

A deed by a wife to her husband, in which he does not join, conveying lands which embrace the homestead occupied by the family, is a nullity to the extent in value of the $1000 homestead, where possession of such homestead remains with the grantor. *Anderson* v. *Smith*, 159 Ill. 93.

DUNCAN, HASKINS & PANNECK, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

John and Ellen Brennan were husband and wife, residing in the city of LaSalle, LaSalle county, Illinois. The wife held the title to certain real estate, consisting of lots in the city and farm lands in that vicinity. In the month

of March, 1893, being in failing health, she deeded this property to her husband, John Brennan, and died on December 5 following. The deed was never recorded, but was lost or destroyed. Ellen Brennan left her surviving two children, a son, and a daughter, Mary Ann, her only heirs. The daughter had married prior to the death of her mother, and her name was then Cannon. On July 5, 1894, she went to the city of Ottawa, and there conveyed to appellant, Robert Carr, an undivided half interest in the said real estate, and he, on the 11th of that month, filed a bill in the circuit court of that county for a partition of the lands between the son and himself as the owners of the lands, and for the assignment of the dower of John Brennan. Brennan having answered that bill, filed a cross-bill, setting up the conveyance by the wife, Ellen Brennan, to himself, in March, 1893, and alleging that Robert Carr took his deed from Mary Ann Cannon chargeable with notice of that conveyance, and claiming title to the premises in fee. The circuit court, upon a hearing on the bill, cross-bill, answers and replications, found in favor of the complainant in the cross-bill, John Brennan, and decreed accordingly. From that decree this appeal is prosecuted.

The evidence clearly establishes the fact of the execution and delivery of the deed from Ellen Brennan to her husband, and also that that deed was either lost or destroyed without the fault of the grantee. There is some evidence tending to prove that although the legal title to the property had been in the wife, the husband was at least the equitable part owner thereof. It also appears that at the time of the death of Ellen Brennan, Mary Ann Cannon came to the home of her father and mother and remained there until the date of her going to Ottawa (July 5) and making the conveyance to appellant, Carr, and facts appear in evidence from which it might be inferred that she destroyed the deed. Whether, however, John Brennan was in any sense the equitable owner of

the property, and whether Mary Ann Cannon had anything to do with the loss or destruction of the deed, are facts of no controlling importance in the decision of the case. Neither do we attach any great importance to the fact that the circumstances under which appellant claims to have purchased the interest of Mary Ann Cannon are more or less calculated to throw suspicion upon the *bona fides* of the transaction. The evidence is full and clear to the effect that from the making and delivery of the deed, in March, 1893, to the bringing of this action, John Brennan was in the open, adverse and exclusive possession of all the property. This fact, with the proof of the execution and delivery of the deed, together with the loss or destruction thereof, fully sustained the decree of the circuit court upon the cross-bill.

It was said in *Coari* v. *Olsen,* 91 Ill. 273 (on p. 280): "But although other courts have held the doctrine of notice by possession as subject to being materially modified by circumstances, this court has uniformly held that actual occupancy is equal to the record of the deed or other instrument under which the occupant claims, and a purchaser is bound to inquire by what right or title he holds. The purchaser takes the premises subject to that title or interest, whatever it may be,"—citing a large number of previous decisions of the court. An attempt is made in the argument of counsel to distinguish and take the case out of this rule, upon the ground that the possession of the husband, as is said, was the same before the making and delivery of the deed as afterward. In other words, the contention seems to be that possession, to take the place and answer the same purpose as the recording of a deed, must be possession taken under the unrecorded conveyance, and not a mere continuation of a present possession. This contention is not supported by the decisions in Illinois, but, on the contrary, it was said in *Coari* v. *Olsen,* (on p. 280): "So far, at least, as the facts of the present case are concerned, we adhere to the common law

rule, that where a tenant changes his character by agreeing to purchase, his possession amounts to notice of his equitable title as purchaser,"—citing authorities.

In *Farmers' Nat. Bank* v. *Sperling*, 113 Ill. 273, Theodore F. and Abraham B. Sperling purchased certain real estate, taking the title to themselves jointly, which was duly recorded. Subsequently, Abraham B. rented his undivided interest to Theodore F., who paid rent for such interest until 1877, when he purchased the undivided interest of Abraham B., taking a deed therefor, which he failed to have placed upon record. The Farmers' National Bank subsequently obtained a judgment against Abraham B. and levied an execution upon the real estate, and it was sold and bid in by the bank, its certificate of purchase being duly recorded. On bill by Theodore F. Sperling, claiming to be the sole owner of the premises at the time of the execution sale, that certificate of purchase was set aside. On appeal to this court that decree was affirmed. One of the grounds of reversal urged being that the possession of Theodore F., under the circumstances, was not constructive notice that he was sole owner of the property, the court, in passing upon the point, said (p. 282): "This court has held, in opposition to the rule quoted by counsel for appellant from Wade's Law of Notice, secs. 297, 298, and *Emmons* v. *Murray*, 16 N. H. 386, that the actual, open and visible possession of real estate is constructive notice to persons purchasing it of whatever rights the possessor then has in the land. In *Coari* v. *Olsen*, 91 Ill. 273, we held, in obedience to what we understood to be the common law and upon the faith of authorities therein referred to, that where a tenant changes his character by agreeing to purchase, his possession amounts to notice of his equitable title as purchaser. In *Haworth* v. *Taylor*, 108 Ill. 275, we held that the possession of a tenant is constructive notice of the actual title of the landlord at that time, although that title was acquired subsequent to the time the landlord

leased to the tenant.   It was there said: 'As at the date of the lease Taylor was not the owner of the land, but acquired title subsequently, on November 13, 1865, it is contended that the notice from the tenant's occupancy was notice only of Taylor's (the landlord's) rights at the time of the making of the lease, and not of his rights at the time of Haworth's deed,—December 26, 1866.  We do not concur in this view, although the authority cited (*Emmons* v. *Murray*, 16 N. H. 398,) lends somewhat of countenance to it.   We regard the doctrine, as derived from the decisions of this court, to be, that where one purchases land of which another is at the time in the actual, open and visible possession, such possession is constructive notice to the purchaser of all rights whatever of the possessor in the land at the time of the purchase.'"   Here, the possession of the grantee, John Brennan, had the same effect to charge appellant, Robert Carr, with notice of the deed as though it had been recorded.

Something is said in the argument about the conveyance from the wife to the husband being illegal and void as to one piece of the property conveyed, upon the ground that it was at the time the homestead, the contention being that a conveyance of the homestead by a husband or wife to the other, not joined in by the other, is void.   In the first place, we do not think the evidence sufficiently establishes the fact that the property conveyed was at the time occupied as a homestead; and in the second place, no issue as to the validity of the conveyance upon any such ground is made by the pleadings. It is not claimed in the original bill, nor in the answer to the cross-bill, that the deed from the wife to the husband was ineffectual to convey any part of the property because it was a homestead.

We think the decree of the circuit court was fully authorized by the evidence, and it will accordingly be affirmed.

*Decree affirmed.*