ELMER H. VANGUNDY *et al.* Appellees, *vs.* CHARLES E. TANDY *et al.* Appellants.

*Opinion filed February 16, 1916—Rehearing denied April 7, 1916.*

DEBTOR AND CREDITOR—*when property is not subject to decree against alleged co-tenant of the possessor.* Where a son goes into the exclusive possession of a tract of land under a deed from his father reserving a life estate in the grantor, and the deed is recorded after the grantor's death, his possession is equal to the record of the deed under which he claims, notwithstanding the deed is ineffective to transfer title for want of delivery in the grantor's lifetime; and if the brothers and sisters of the grantee, in order to carry out the grantor's division of his property, convey their interest in the tract to the grantee and he continues in the exclusive possession thereof, the land is not subject to a decree for money subsequently obtained against one of the brothers of the grantee. (*Farmers' Nat. Bank* v. *Sperling,* 113 Ill. 273, followed; *Manly* v. *Pettee,* 38 id. 128, distinguished.)

APPEAL from the Circuit Court of Macon county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

MILLS BROS., for appellants.

THOMAS B. JACK, and REDMON, HOGAN & REDMON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On May 4, 1915, the appellees, Elmer H. VanGundy, John F. VanGundy and Laura J. McCaleb, filed their bill in the circuit court of Macon county alleging that Elmer H. VanGundy was the owner in fee simple of 180 acres of land in that county described in the bill, and had been in the open, notorious, exclusive, undisputed, peaceable and continuous possession of the same under a claim of ownership since 1903; that he acquired the legal title by a deed from his parents, John VanGundy and Sarah A. Van-Gundy, acknowledged on August 7, 1902, and filed for rec-

ord on August 24, 1905, by which the grantors reserved a
life estate to themselves and the survivor of them; that
he also had title through deeds from the heirs-at-law of his
said father; that John F. VanGundy was the owner in fee
simple of other lands described in the bill, and Laura J.
McCaleb was the owner of still other lands therein de-
scribed; that the State National Bank of Jennings on June
19, 1913, obtained a decree in the circuit court of the said
county against James D. VanGundy and Frances C. Van-
Gundy, his wife, for $7455.60; that execution was issued
on the decree and levied by the sheriff on the undivided
one-fifth part of all said real estate belonging to the com-
plainants; that a certificate of the levy was filed for record
and the sheriff had advertised the lands for sale, and that
neither James D. VanGundy nor Frances C. VanGundy had
at the time of the judgment, or at any time since, any in-
terest whatever in the real estate. The prayer of the bill
was that the sheriff should be enjoined from attempting to
sell complainants' real estate; that the cloud created by the
record of the certificate of levy should be removed and that
the complainants' title to their lands should be quieted. The
State National Bank of Jennings is now the State Bank and
Trust Company, and it and the sheriff answered the bill,
and by their answer denied *seriatim* the averments of the
bill respecting the ownership of the several tracts of land
by the complainants. The answer alleged that John Van-
Gundy, father of the complainants, departed this life intes-
tate so far as the real estate in question was concerned;
that by his death his five children each became seized in
fee simple of an undivided one-fifth part of the lands by
descent from him, and that James D. VanGundy was the
legal owner of one-fifth of all the real estate described in
the bill. The legal title to the lands was in issue by the
pleadings, and that and the other issues were referred to the
master in chancery to take the proofs and report his con-
clusions of law and fact. He reported the evidence, with

his conclusions that the complainants were the owners in fee simple of the lands and the judgment debtors had no interest therein and that the complainants were entitled to the relief prayed for. The chancellor overruled exceptions to the findings of the master, with the exception of the finding that Elmer H. VanGundy had paid all taxes on the real estate alleged to belong to him, since the year 1903. Otherwise the report was sustained, approved and confirmed and a decree was entered accordingly, from which this appeal was prosecuted.

It is now admitted that the decree was right as to the property owned by the defendants John F. VanGundy and Laura J. McCaleb, and the only controversy in this case relates to the lands claimed by Elmer H. VanGundy. The facts are as follows: John VanGundy owned a large amount of lands in Macon county and determined to divide the same among his five children. To carry out his intention he and his wife executed deeds which were not dated but were acknowledged on August 7, 1902, conveying portions of his lands to the children severally but reserving a life estate to the grantors and the survivor of them, and each grantee was to pay $2.25 per acre for the use of the land conveyed to him or her, beginning March 1, 1904, during the lives of the grantors and the survivor of them. John VanGundy also executed his will, in which he referred to the deeds so made as bearing date August 7, 1902. The deeds were not, in fact, dated, but the date given in the will was the date when they were acknowledged. Each one of the grantees took possession of the lands conveyed to such grantee on March 1, 1903, and they have had continuous, open and exclusive possession thereof ever since. John VanGundy died on July 2, 1905, and his will was admitted to probate, including therein as a part of the will the deeds therein referred to. The deeds were not, in fact, delivered to the several grantees but were deposited with the will, and after the death of John VanGundy and the probate of the

272 – 21

will the five children to whom the deeds were made were advised that they were not effective for want of delivery. They recognized the division, and to carry out their father's plan made deeds among themselves conveying to each one the lands given to him or her by their father. The deeds were made in 1907 and were all recorded with the exception of the deed to Elmer H. VanGundy, which he did not file for record. The decree against James D. VanGundy and Frances C. VanGundy was entered on June 14, 1913. The probate of the will was set aside in the winter of 1914-15 and it was again admitted to probate without the deeds, but upon whose application this was done does not appear.

Elmer H. VanGundy has been in the open, notorious and exclusive possession of the premises described in the deed from his father to him since March 1, 1903, and since the death of his father such possession has been adverse to all the world. Counsel for appellants say that there was no proof of such possession as to twenty acres of the land, but this is a mistake, as the testimony embraces all the land. No other person has had or claimed any right, title or interest therein since the execution of the deeds by the other heirs-at-law. Such possession as Elmer H. Van-Gundy had at the time of the rendition of the decree, and for many years prior thereto, is equal to the record of a deed under which the party in possession claims, and purchasers are bound to inquire by what right or title the party in possession holds. The rights of a purchaser or judgment creditor are subject to that title, whatever it may be. *Walden* v. *Gridley,* 36 Ill. 523; *Coari* v. *Olsen,* 91 id. 273; *Carr* v. *Brennan,* 166 id. 108; *Joiner* v. *Duncan,* 174 id. 252; *Williams* v. *Spitzer,* 203 id. 505; *Peck* v. *Bartelme,* 220 id. 199; *Merchants' and Farmers' Bank* v. *Dawdy,* 230 id. 199.

Counsel for appellants contend that the possession of Elmer H. VanGundy was excepted from the general rule because by the death of John VanGundy without disposing

of these lands by his will the title descended to his five heirs-at-law as tenants in common, and the possession of one tenant in common is not regarded as adverse to the title of the others. The argument is answered by the case of *Farmers' Nat. Bank* v. *Sperling,* 113 Ill. 273, which is of that precise character. Two tenants in common occupied land and improved it until 1873, when one rented his interest to the other, who afterward occupied the land and paid rent to his co-tenant and afterward bought the undivided interest of the co-tenant. The deed was not recorded until after the Farmers' National Bank of Bushnell had obtained a judgment against the grantor in the unrecorded deed. This court said that the court had held, in opposition to the rule quoted by counsel for appellant in that case from Wade on the Law of Notice and *Emmons* v. *Murray,* 16 N. H. 386, that the actual, open and visible possession of real estate is constructive notice to persons purchasing it, of whatever rights the possessor then has in the land; that where a tenant changes his character by agreeing to purchase, his possession amounts to notice of his equitable title as purchaser, and that the possession of the tenant is constructive notice of the actual title of the landlord at that time although that title was acquired subsequent to the time the landlord leased to the tenant. Accordingly it was held that the rule of this court bound the bank with notice by the possession of the purchaser at the time the judgment was obtained, of the title he then actually had. The law on that subject has been regarded as settled in this State from the time of that decision, and it corresponds with the general rule that possession of the entire premises by one of several tenants in common is sufficient to put a purchaser from a co-tenant on inquiry as to the interest in the property claimed by the occupant. (39 Cyc. 1759.) Counsel for appellants again rely upon the same sections of Wade on the Law of Notice, but if that authority had not been discredited by this court in a case where the possession was

consistent with the record title in Theodore F. Sperling and Abram B. Sperling it would not apply to this case. The record title had been in Elmer H. VanGundy by the deed from his father since December 2, 1905, and although it was proved by other than record evidence that the deed was not delivered, yet so far as the record title was concerned it was in him, alone.

Counsel for appellants also rely on the decision in *Manly v. Pettee,* 38 Ill. 128, but the decision in that case gives no support to their argument. In that case Seward and Herrick, who were tenants in common of certain lands, for the purpose of effecting a partition executed to each other quitclaim deeds, and the deed from Herrick to Seward was not recorded until after Pettee had recovered a judgment against Herrick. The court held that a parol partition between tenants in common, followed by possession, is good against a subsequent purchaser or a judgment creditor, but the possession must be so open and visible as to notify all persons in interest that a change from a joint to a several possession has occurred, but there had been no such change of possession as would amount to notice or put parties upon inquiry. If there had been, the question of parol partition would have been immaterial, inasmuch as a several possession by each party of his own would have been notice of the unrecorded deed. The court said: "But there was no possession at all taken by Seward [under whom Manly claimed title] of his allotment prior to the rendition of the judgment. This portion of the lands was, and continued to be, wholly unimproved." The law as declared in that case is the same as in all other cases in this court, but as there was no possession by Seward there was no notice.

The decree is affirmed.                *Decree affirmed.*