MATTHEWS, administratrix, *v.* FARMER.

HILL, J.   1.   Where, in answer to a complaint for land, instituted by an administratrix, the defendant admits that the plaintiff is the duly

qualified administratrix upon her intestate's estate, and where the defendant also admits that the decedent was the true owner of the land in controversy up to the time she made an alleged parol gift to the defendant, and that she derived her title from the predecessor in title of her vendor through his executor to another predecessor in title, and from him to the decedent, as set forth in plaintiff's abstract of title in his original petition and amendment, such admission is sufficient to entitle the defendant to the opening and conclusion of the argument on the trial of the case.  Civil Code (1910), § 5746; *Reid* v. *Sewell,* 111 *Ga.* 880 (2)  (36 S. E. 937), and authorities cited.

2. In an action for the recovery of land by an administratrix, the defendant who claims the premises under a parol gift by the intestate, accompanied by possession, and the erection upon the land of valuable and permanent improvements, would not be estopped from asserting such title by reason of the fact that subsequently to the gift he witnessed the deed under which such intestate acquired title to the premises, the donor at the time of the gift holding under a bond for title.

3. The verdict was supported by the evidence.

*Judgment affirmed.* *All the Justices concur.*

No. 3048.  DECEMBER 15, 1922.

Complaint for land.  Before Judge Blair.  Cobb superior court. December 28, 1921.

Matilda Matthews, administratrix upon the estate of Frances Farmer Williamson, deceased, brought a complaint to recover 37 acres of land described in the petition, against Will Farmer, who was alleged to be in possession of the land.  The defendant filed his answer in which he averred that his mother, Frances Farmer Williamson, in her lifetime made a parol gift of the land to him and put him in possession of it; that he remained in possession of the land, claiming it as his own, for more than seven years during the lifetime of his mother, without paying any rent for the same; that after his mother put him in possession he erected valuable and permanent improvements on the land; that the gift was based upon a valuable consideration, viz., that his mother agreed with him that if he would remain near her and take care of her in her old age and look after her and rent out her farm, which was separate from the 37 acres, and look after all of her business affairs, he should have the land in controversy; that he complied with his part of the agreement, attended to all of his mother's business affairs, lived near her and looked after her business affairs for more than seven years prior to her death; and that these services were reasonably worth $100 per annum.  The defendant prayed that he have a verdict and judgment setting up and establishing

his title to the property in controversy, as against the plaintiff. The defendant amended his answer and averred: "Defendant admits that Matilda Matthews is duly qualified administratrix upon the estate of Frances Farmer Williamson, deceased. Defendant admits that Frances Farmer Williamson was the true owner of the land in dispute up until she made the gift to defendant, and that she derived her title from A. J. Cheney through his executor to John Cheney and from John Cheney to Frances Farmer Williamson, as set forth in plaintiff's abstract in his original and amended petition." The jury returned a verdict for the defendant. The plaintiff filed a motion for new trial, which was overruled, and he excepted.

*H. B. Moss,* for plaintiff.  *Mozley & Gann,* for defendant.