## FRANKLIN *v.* WOMACK.

1. The cause is "an action in equity to enjoin a trespass on real estate, and to declare and quiet the title to said real estate." There was testimony in behalf of the plaintiff in the lower court, coming from the common grantor, that the parcel of land in dispute was sold to Charles Preetorious, and the purchase-price paid in full at the time of the purchase, though no deed was executed. This evidence was undisputed. "Under these circumstances the plaintiff had a perfect equity which she could assert against the defendant, and which would authorize a recovery of the land. *Hester* v. *Keen,* 141 *Ga.* 832 (82 S. E. 250); *Rawlins* v. *Shropshire,* 45 *Ga.* 182. As the defendant's written muniment of title antedated the deed from Preetorious, whose title rested on full payment of the purchase-price, it was error requiring the grant of a new trial for the court to charge the jury that "the only question that you have to consider is who has the superior title, the legal written title, to the land in question." This instruction, nowhere else in the charge withdrawn or corrected, entirely excluded from the consideration of the jury the claim of title of the plaintiff resting upon the provisions of section 4634 of the Civil Code, and in effect directed a verdict in favor of the defendant.
2. Applying the ruling in the foregoing headnote, the court erred in overruling the motion for a new trial.

No. 5083. SEPTEMBER 18, 1926.

Quieting Title, 32 Cyc. p. 1333, n. 94 New; p. 1375, n. 38.

Equitable petition. Before Leroy Cowart, judge pro hac vice. Bulloch superior court. August 26, 1925.

*Hinton Booth* and *Deal & Renfroe,* for plaintiff.

*Anderson & Jones,* for defendant.

RUSSELL, C. J. The issue in this case is one of title. Both parties claim title to the premises in dispute from a common grantor, J. W. Waters, who was present in court and testified for the plaintiff. The plaintiff claimed title under a parol sale of the tract of land in question by the common grantor, Waters, to her father, Charles Preetorious, more than 40 years ago, with the purchase-money paid in full and the purchaser put into possession, under a deed from Preetorious to A. J. Franklin, dated May 1, 1894, recorded May 18, 1894, and a deed from A. J. Franklin dated March 31, 1897, recorded April 1, 1897. The defendant claimed title under a deed from J. W. Waters to James H. Anderson, dated September 13, 1884, recorded May 13, 1885, to an adjoining tract of land containing 281 acres, more or less; and a deed from Anderson conveying the same land on the same day to George S. Blackburn. Blackburn, having sold 81 acres, more or less, on the opposite side of the tract of land in dispute, gave the defendant Womack a bond for title to 200 acres, more or less, on November 11, 1893, and this bond was recorded on November 13, 1893. The title to the 200 acres, more or less, subject to Womack's bond for title, passed from Blackburn to Davis, and from Davis to J. W. Oliff & Company, Womack's purchase-money notes being transferred to each in turn; and on May 7, 1898, upon Womack paying his notes, Oliff transferred the Davis deed to Womack, and later, on February 8, 1907, gave Womack a deed to the land, which, however, described it as containing only 172 acres, more or less. So much as to the claims of ownership of each of the parties.

It appears from the evidence that in 1895 or 1896 Womack employed the county surveyor to survey his land, and found that it contained only 172 acres instead of 200 acres, more or less, as stated in his bond for title from Blackburn; and he thereupon filed a suit against Blackburn to recover damages for the deficiency of 28 acres, and the suit resulted in a verdict in favor of Blackburn. There was testimony from several witnesses that the tract of land in dispute is separated from the 172-acre tract of the defendant

by a stream called Mack branch, which branch was shown on the plat made by the county surveyor at the instance of Womack, heretofore referred to as the boundary of Womack's land on the northeast, and a later survey made for Womack by J. E. Rushing also shows this prong of Mack branch as the boundary of the land at that time. In the deed accepted by the defendant in error from J. W. Oliff in 1907 A. J. Franklin is named as an adjoining owner, and loan deeds executed by Womack to the Scottish American Mortgage Company in 1907 and to the Pearsons-Taft Company in 1922 both describe the land conveyed as adjoining the land of Franklin. As far as can be determined from a careful review of the evidence, the evidence in behalf of the plaintiff seems to preponderate; but the jury in every case must be the exclusive judges as to this. We can not, therefore, sustain the exception that the verdict is contrary to law because it is without any evidence to support it. However, the rule which makes the jury the exclusive judges of the testimony applies only where no material errors of law intervene in the trial. In this case we think it is quite plain that the court's charge that "the only question that you have to consider is who has the superior title, the legal written title, to the land in question" entirely excluded from the consideration of the jury the testimony as to the parol purchase of the land held by the plaintiff from J. W. Waters by her father, Charles Preetorious. This testimony, if credited by the jury, would have authorized at their hands a different finding; and therefore the trial judge erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concur.*