## BELL *et al.* v. BELL.

No. 9445. JANUARY 18, 1934.

*Joseph Law* and *Fullbright & Burney,* for plaintiffs in error.
*Pierce Brothers* and *Guy Alford,* contra.

ATKINSON, J. The petition as amended is a suit (1) to establish a resulting trust for an undivided half interest in described realty, by reason of investment by one of the defendants of money belonging to the petitioner in the property and taking deeds thereto in the individual name of the purchaser; (2) for an undivided half interest in the same property on the basis of a partnership between the same defendant and the petitioner; (3) to enjoin sale of the property under a power of sale contained in a security deed executed by the purchaser to secure his individual debt, the grantee

being alleged to have taken his security deed with notice of petitioner's interest in the property and that said grantee was not a bona fide purchaser for value.

■ "A resulting trust which arises solely from the payment of the purchase-price is not created, unless the purchase-money is paid either before or at the time of the purchase." *Hall* v. *Edwards,* 140 *Ga.* 765 (3) (79 S. E. 852); *McDonald* v. *Dabney,* 161 *Ga.* 711 (10 *b*) (132 S. E. 547); *Fleming* v. *Patterson,* 170 *Ga.* 495 (8) (153 S. E. 37). The evidence relied on to set up a resulting trust tended to show a loan of money, and was insufficient to impress the property with a trust.

■ The evidence was sufficient to show creation of a partnership, comprehending the property in question, and its existence at the time the security deed was executed, whereby the petitioner acquired an equitable undivided half interest in the property from his alleged copartner, in whose name alone the legal title appeared of record.

■ Possession of land is generally notice of whatever right or title the occupant has. Civil Code, § 4528. To have this effect the possession must have some element in it indicative that the occupancy is exclusive in its nature. *Manning* v. *Manning,* 135 *Ga.* 597 (3) (69 S. E. 1126). Such "possession must be open, visible, exclusive, and unambiguous, not liable to be misconstrued or misunderstood. It must not be a mixed or ambiguous possession. So it has been held that possession of land by the grantee, holding under an unrecorded deed, together with the grantor, is not constructive notice of the unrecorded deed to a subsequent purchaser." *McDonald* v. *Dabney,* supra. The evidence was insufficient to show such possession of the land by the petitioner as would charge notice of an equitable interest to the holder of the security deed.

■ But, independently of the question of possession, the evidence, particularly the testimony of the plaintiff, "My brother and I communicated the fact that we had formed this partnership at Sardis. . . I told Mr. George Perry about it. I told him we had formed a partnership," and testimony of plaintiff's son, "Mr. Perry made the statement to me that he knew that my father had an interest in this property," considered with the context, was sufficient to show notice to Mr. Perry, the grantee, of the petitioner's equitable interest in the land. The above quoted testimony was

denied by Mr. Perry, but the conflict in the evidence was a matter for the jury to settle.

■ The judge charged: "Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge in fixing the rights of parties. I charge you, gentlemen of the jury, if you should find from the evidence that this partnership did exist at the time George Perry took his security deed from W. D. Bell, and that George Perry was in possession of facts or a fact to put him on inquiry, he would be bound to whatever facts or conclusions that inquiry would lead; so that I will give you that section of the Code again: Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to the negligence, is equivalent to knowledge in fixing the rights of the parties." Error is assigned on this charge, on the ground that it "is argumentative and puts undue emphasis on the question of sufficiency of notice to bind a party as to what might have been disclosed had the notice been followed by proper inquiry or investigation. This charge is further error and prejudicial to the rights of the defendants, as movant claims, for the reason that a party is only chargeable in such cases with the knowledge that a legal investigation would disclose, it being undisputed in the evidence that the said George D. Perry did investigate and employ counsel to investigate the title to the property involved, and that investigation disclosed the fact that the title was in W. D. Bell and that there was no record of any claim or interest in said property by J. A. Bell." This charge was not erroneous upon either of the grounds stated. If the security deed was accepted after being expressly told by the petitioner of his equitable interest in the land (as to which there was evidence though conflicting), the fact that the records were fully examined and did not disclose any such equitable interest, but did disclose the legal title of the grantor in the security deed, would not excuse failure of the grantee in the security deed to make inquiry of the petitioner as to the facts upon which he based his claim of interest. Civil Code, § 4530; 1 Warvelle on Vendors (2d ed.) 321, § 263. The case differs on its facts from *Williams* v. *Smith,* 128 *Ga.* 306 (1 *e*) (57 S. E. 801), holding a communication to such purchaser

of a mere "rumor" that the title was "bad" before the purchase, which communication was unattended by any further explanation, or any statement tending to call the purchaser's attention to the equity asserted by the plaintiff, was not sufficient to put him upon inquiry so as to charge him with notice.

■ The charge, "you are to determine where the truth of this case lies from all of the facts and circumstances in the case," was not erroneous on the ground, as contended, that its effect was to instruct the jury that they might travel "outside" the evidence to determine the truth of the case.

■ Under the pleadings and the evidence the judge did not err, for any reason assigned, in charging: "If you find for the plaintiff, . . that would mean—and it would be worked out in a decree—that Mr. John A. Bell would have one half interest in that property." The error assigned upon this charge was: "The . . plaintiff's proceeding was limited to an attack on the security deed, . . plaintiff having announced in the progress of the trial that 'This is a suit to set aside a security deed from W. D. Bell to Mr. Perry. The fact that there were other deeds outstanding would not be any defense to Mr. Perry,' and the court therefore committed error in not restricting the instructions referred to, to the result of a verdict for the plaintiff upon the security deed which had been attacked in plaintiff's petition." In approving this ground the judge appended a note setting forth certain questions and answers with statements by counsel, including statements by petitioner's attorneys that they were insisting that the property was partnership property.

■ The general verdict for the plaintiff was authorized by the evidence under the theory of acquisition of an equitable interest as a partner and actual notice of such interest to the grantee prior to taking his security deed; and there was no error in overruling the motion for a new trial.

■ The judge entered a decree based on the verdict, which in part declared: "That title to a one-half undivided interest in and to all of the property described in plaintiff's petition is hereby decreed to be in the said John A. Bell, free from any lien, title, and encumbrance of either of the said named defendants, W. D. Bell or George D. Perry." Error was assigned on this part of the decree, on the ground that the security deed which it was sought to cancel

recited that it "was given subject to an outstanding deed, the recital being . . ' 'Some of the above property being held under a prior security deed to Mrs. Cora P. Perry, securing a loan of $5800.00, due December 31, 1928, which is unpaid,' " and that said part of the decree is erroneous because it "seeks to impress the property with a trust superior to other outstanding encumbrances made prior to the time the deed under attack was given." This part of the decree, considered in the light of the pleadings in the case in which the holder of the outstanding security was not a party, would not affect such holder; and the decree was not erroneous as against the defendants in the trial court.

*Judgment affirmed.* *Russell, C. J., Beck, P. J., and Gilbert, and Bell, JJ., concur.*