DYAL *v.* McLEAN.

No. 12712. JUNE 15, 1939.

*R. Earl Camp,* for plaintiff.   *R. M. Daley,* for defendant.

BELL, Justice. (After stating the foregoing facts.) "Possession of land is notice of whatever right or title the occupant has." Code, § 85-408. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." § 37-116. The notice which the law in this State presumes from adverse possession of land is actual, not 'constructive, notice. *Walker* v. *Neil,* 117 *Ga.* 733, 748 (45 S. E. 387). Possession by a tenant is notice of the title of the landlord, as well as of the actual interest of the tenant and the whole extent thereof. 1 Warvelle on Vendors, 332, § 272. A purchaser is bound to exercise due diligence in the prosecution of all inquiries that may be suggested by any fact brought to his knowledge, and in the discharge of such duty must make inquiry in pais as well as examine the records. 1 Warvelle on Vendors, 327, § 267. Adverse possession of land is notice of whatever facts in reference to the title would be developed by inquiry of the person in possession, the presumption being that inquiry of him will disclose how and under what right he holds possession; and in the absence of such inquiry the presumption is that, had such inquiry been made, the right, title, or interest under which the possessor held would have been discovered. *Austin* v. *Southern Home Building & Loan Association,* 122 *Ga.* 439 (50 S. E. 382). The working of timber for

turpentine purposes is an act of such nature that it may amount to adverse possession, and thus constitute notice. *Royall* v. *Lisle,* 15 *Ga.* 545 (60 Am. D. 712); *Flannery* v. *Hightower,* 97 *Ga.* 592 (3) (25 S. E. 371); *Roberson* v. *Downing,* 126 *Ga.* 175 (54 S. E. 1020); *Booth* v. *Young,* 149 *Ga.* 276, 278 (99 S. E. 886). Whether turpentine operations are so carried on as to show adverse possession is generally a question of fact to be determined by a jury. *Walker* v. *Steffes,* 139 *Ga.* 520 (7) (77 S. E. 580); *Brown* v. *Wells,* 161 *Ga.* 413 (2) (131 S. E. 159).

On application of the foregoing principles, the evidence in the present case would have authorized a finding that the defendant, Mrs. McLean, was chargeable with notice of the unrecorded extension agreements under which the plaintiff, Dyal, had acquired the right to work the timber for turpentine purposes for an additional year, although the original leases under which he was then operating were to expire on December 31, 1934. It may be true that his actual possession was then related to the original leases only, but at the time the defendant obtained her leases the combined facts were that the plaintiff was in possession with the right to use the timber, not only for the remainder of the year 1934, but also for the year 1935; and it can not be said that a proper inquiry of the plaintiff would not have disclosed all of these facts. Possession of land is notice, not only of whatever title the occupant has, but of whatever *right* he may have in the property. Code, § 85-408. The defendant is not relieved merely because from an examination of the public records she might have learned that the *recorded* leases in favor of the plaintiff would, according to their terms, expire on December 31, 1934. If this were not true, the plaintiff would have been in better position if he had failed to record his original leases, as well as the extension agreements. In that event, personal inquiry would doubtless have disclosed all of the facts, including the extension agreements; and manifestly the plaintiff's right to claim notice from possession should not be circumscribed merely because he was diligent in having his original leases recorded. Knowledge chargeable to a party who is put on inquiry is not limited to such knowledge only as would be gained from an examination of the public records. *Bell* v. *Bell,* 178 *Ga.* 225 (5), 227 (172 S. E. 566). Under the evidence a verdict for the plaintiff would have been authorized; and the court erred in

directing the verdict in favor of the defendant, and in overruling the plaintiff's motion for a new trial.

*Judgment reversed. All the Justices concur.*