WREN *v.* WREN.

No. 15281.   November 13, 1945.

854

*Quillian L. Bryant* and *R. N. Hardeman,* for plaintiff.
*N. J. Smith* and *M. C. Barwick,* for defendant.

BELL, Chief Justice. ■ The evidence showed without dispute that R. C. Wren and his wife, the defendant in the partition proceeding, acquired the tract of land as tenants in common in 1937, and thereafter occupied it as a home for themselves as husband and wife, until their separation, which, as the jury were authorized to find, occurred in September, 1939. The evidence further authorized the inference that, at the time of the separation, the husband orally transferred his interest to his wife in settlement of her right or claim to alimony, and that she so accepted it; also that from that time on, she was in exclusive possession of the land, claiming all the interest therein as her own. Under such circumstances, that is, assuming the facts to be as thus indicated, she as a purchaser acquired a perfect equitable title to her husband's interest, and her subsequent possession was notice to all other persons that she held under such claim. As to equitable title, see Code, §§ 30-211, 37-802; *May* v. *Sorrell,* 153 *Ga.* 47 (3), 53 (111 S. E. 810); *Long* v. *Godfrey,* 198 *Ga.* 652 (32 S. E. 2d, 306); *Kemp* v. *Hammock,* 144 *Ga.* 717 (87 S. E. 1030); *Bird* v. *Trapnell,* 147 *Ga.* 50 (2) (92 S. E. 872). As to notice, see Code, §§ 37-116, 85-408; *Bell* v. *Bell,* 178 *Ga.* 225 (5) (172 S. E. 566); *Dyal* v. *McLean,* 188 *Ga.* 229 (2) (3 S. E. 2d, 571).

"Prior possession of land is not notice to a purchaser. Possession of real property which will charge a purchaser with notice is possession at the time the purchaser obtains his title." *Webster* v. *Black,* 142 *Ga.* 806 (3) (83 S. E. 941). Thus, the issue as to notice depended upon the facts as they were on the dates of the

deeds under which the plaintiff claims, and not as the facts were formerly, when Mr. and Mrs. Wren were living together and both were in actual possession as tenants in common.

While the rule may be different in some jurisdictions (see 27 R. C. L. 723, § 487), in this State possession of land is notice of whatever right or title the occupant has, and is not limited, as notice, to what would be discovered by an examination of the public records. *Bell* v. *Bell,* 178 *Ga.* 225 (5) (supra); *Dyal* v. *McLean,* 188 *Ga.* 229 (2) (supra).

Apparently this court has never before dealt with the question of notice in a case like the present, where, as the jury were authorized to find, one of two tenants in common orally purchased the interest of her cotenant, and thereafter remained in exclusive possession, claiming the entire interest; but we can see no good reason why the rule as just stated should not be applied in favor of such an occupant. While, as we have indicated, there seems to be some conflict of authority on this question, the following decisions support the view that in such a case possession would be notice: Farmers' National Bank of Bushnell *v.* Sperling, 113 Ill. 273; Carr *v.* Brennan, 166 Ill. 108 (47 N. E. 721, 57 Am. St. R. 119); Van Gundy *v.* Tandy 272 Ill. 319 (111 N. E. 1020); Weisgerber *v.* Wisner, 55 Mich. 246 (21 N. W. 331). On the general subject, pro and con, see 27 R. C. L. 722, § 486; 14 Am. Jur. 149, § 84; 66 C. J. 1178, § 1024; 13 L. R. A. (N. S.) 73, 124; 104 Am. St. R. 348.

Counsel for the plaintiff in error cite the provisions of the Code, §§ 85-1001, 85-1003, 85-1005, relating to the rights of cotenants. These provisions must be construed in connection with section 85-408, supra. Nor does *Morgan* v. *Mitchell,* 104 *Ga.* 596 (30 S. E. 792), support the contrary view as to notice. That was not a case where one tenant in common claimed to have purchased the interest of his cotenant. Moreover, the question was one of title by prescription, and not one of notice to a purchaser. *McDonald* v. *Dabney,* 161 *Ga.* 711 (8), 726 (132 S. E. 547), is also distinguished by its facts from the present case. In that case, there were two occupants, the record title being in one, and an equitable interest being claimed by the other. Compare 27 R. C. L. 724, § 488. Here, according to the defendant's evidence, she was the only occupant at the time of the transactions relied on by the

plaintiff, and her possession was exclusive and adverse. The Code, § 85-1005, as to actual ouster and express notice of adverse possession would not be applicable, if the husband did actually make to his wife a parol sale of his interest, and thereupon voluntarily surrendered exclusive possession to her.

Even though this was a statutory application for partition, an equitable title could be asserted as a defense. Code, §§ 85-1509, 85-1504; *Griffin* v. *Griffin*, 33 *Ga.* 107.

In what has been said, we have merely assumed that the deeds under which the plaintiff claimed were deeds of bargain and sale, as distinguished from voluntary instruments, since, in the view we have taken, it is unnecessary to analyze the evidence in reference to that question.

The evidence authorized the verdict in favor of the defendant, denying partition.

■ It is contended that the court erred in allowing counsel for the defendant to open and conclude the argument before the jury. This contention was presented both by motion for a new trial, and by exceptions pendente lite. We need not determine which if either method is the proper practice to the exclusion of the other, since we find no error in the court's ruling under either approach.

It is not insisted that the defendant failed to admit in her answer a prima facie case for the plaintiff. Rather, the motion for a new trial and the exceptions pendente lite both assert that the defendant did admit a prima facie case, and the insistence is, that the defendant could not in open court admit a prima facie case, and then contend that she was the sole owner of the property.

The answer is, that the plaintiff could admit that under certain deeds the plaintiff was the apparent owner of an undivided half interest as alleged, and then by additional and consistent facts show an equitable title which was superior. The rule does not contemplate that the defendant shall admit an absolute case for his or her adversary; only a prima facie case. *Reid* v. *Sewell*, 111 *Ga.* 880 (2) (36 S. E. 937); *Norman* v. *McMillan*, 151 *Ga.* 363 (3) (107 S. E. 325); *Matthews* v. *Farmer*, 154 *Ga.* 623 (115 S. E. 77); *Stiles* v. *Shedden*, 2 *Ga. App.* 317, 320 (58 S. E. 515).

*Judgment affirmed. All the Justices concur.*