20372. STARLING *v.* STARLING.

CANDLER, Justice. The plaintiff and the defendant in this case were formerly husband and wife. While thus living together and during 1948, they acquired jointly and equally a house and lot in the City of Summerville, Chattooga County, Geor-

gia. They separated in 1952, and on the husband's petition they were subsequently divorced in the Circuit Court of Cook County, Illinois. On September 24, 1958, and under the provisions of Code § 85-1504, the divorced husband filed an application in the Superior Court of Chattooga County for the writ of partition, alleging that he and his divorced wife own equally the city property they jointly acquired in 1948, that it cannot be divided in kind since it consists of a small city lot and a dwelling, the latter having the greater value. The notice required by Code § 85-1506 was given to the other named owner, and she was thereby notified that the application would be heard by the trial judge on October 30, 1958, at 10 a.m. She responded to the petition and by her protest and cross-action, which she later amended, alleged: The applicant's petition should be denied because she is sole owner of the realty involved, and respecting her contention that she is such sole owner, her protest and cross-action alleges that she and her husband separated during 1952; that at the time of separation they jointly owned the realty in question; that they also jointly and equally owned a 1951 Ford automobile and postal-savings certificates, amounting in the aggregate to $1,000; and that they agreed to divide their joint properties as follows: the husband was to have full ownership of her interest in their automobile; she was to have his interest in the realty they jointly owned—the property sought to be partitioned—and her husband agreed to execute and deliver to her a deed to his half interest in the same; and that they would equally divide their postal-savings certificates. It is further alleged in her protest and cross-action that all of their property was acquired with the earnings of both, each paying an equal part of the purchase price; that her husband took and kept the automobile they had previously owned; that he collected the postal-savings certificates and failed to account to her for her half of the proceeds; that she, at the time of the property division, took exclusive possession of the house and lot and has since held such possession and paid all State, county, and city taxes due thereon; and, that after her husband relinquished to her all of his interest in and to the realty in question for her interest in their automobile, she has occupied it as her home and made certain improvements on it. She prayed that his application for the writ of partition be denied; that she have judgment against the ap-

plicant for $500, with lawful interest thereon from the date of their property settlement in 1952, for her part of the proceeds which he wrongfully retained when he cashed their postal-savings certificates; that title to all of his interest in the subject realty, upon equitable principles, be decreed in her, so that the deed which conveyed it jointly to them will not be a cloud on her title to the half of it formerly owned by him; and that she be granted such other and further relief in the premises as may be just and equitable. The applicant demurred generally to the respondent's amended protest and cross-action, and moved to strike it on the following grounds: (1) it alleges no reason, either at law or in equity, why the applicant is not entitled to the writ of partition; (2) it shows on its face that the contract upon which the respondent relies for her claim of title to his undivided half interest in the realty in question comes within the prohibition of the statute of frauds, and is not within any exception thereto; and (3) her allegations and prayer for a personal judgment against him for $500, with lawful interest thereon, from a specified date, for her asserted half interest in the proceeds received by him from their postal-savings certificates are not germane to the case made by his petition for a partition of the land. The judge sustained all grounds of the demurrer and struck the response and cross-action in its entirety, and there is a proper exception to that judgment. The parties agreed for the judge to hear and determine the case without the intervention of a jury; and, after hearing evidence, a partition by sale of the realty was granted and commissioners were appointed to sell it at public outcry since the court had found that it could not be equally divided in kind between the common owners. There is also an exception to this judgment. *Held:*

1. We do not think that the respondent in this case can recover a personal judgment against the applicant for one-half of the proceeds, with lawful interest thereon, which he allegedly received in 1952 from postal-savings certificates amounting in the aggregate to $1,000—the certificates which the respondent claims were jointly and equally owned by the applicant and herself. The respondent in a partition proceeding can only set up matters germane to the case as made by the applicant's petition, and cannot recover a personal judgment against the applicant on a separate and independent matter. *Lowry* v. *Lowry,* 150 *Ga.* 324 (4) (103 S. E. 813) ; *Lankford* v. *Milhol-*

*lin,* 200 *Ga.* 512 (37 S. E. 2d 197). And a cross-action which sets up matters unrelated and unresponsive to the plaintiff's petition is not germane to the case; and it is, for that reason, not maintainable. *Johnson* v. *Stancliff,* 113 *Ga.* 886 (39 S. E. 296); *Peterson* v. *Lott,* 137 *Ga.* 179 (73 S. E. 15); *Bowles* v. *White,* 206 *Ga.* 343 (57 S. E. 2d 187). Since that part of the respondent's protest and cross-action which sought to recover a personal money judgment against the applicant was not germane to the case made by his petition, the trial judge did not err in striking it on demurrer thereto. It is always proper to strike from defensive pleadings any matter which is not germane to the case as made by the plaintiff's petition. *Ayers* v. *Young,* 210 *Ga.* 441 (80 S. E. 2d 801).

2. The respondent's protest and cross-action in this case alleges that she and the applicant acquired the realty in question as tenants in common during 1948, and thereafter occupied it as a home for themselves as husband and wife until their separation in 1952, and that the applicant, at the time of such separation, orally transferred his half interest in such realty to the respondent for her half interest in an automobile which they jointly and equally owned; and that she accepted the realty and he retained the automobile; also that from that time on, she has been in actual and exclusive possession of the realty, claiming the entire interest therein as her own, improving it, and paying all taxes assessed against it. Treating these allegations to be true, as we must do for purposes of the demurrer, they are sufficient to show that she as a purchaser acquired a perfect equity in and to her husband's half interest in such realty. *Wren* v. *Wren,* 199 *Ga.* 851 (36 S. E. 2d 77, 162 A.L.R. 204). "Payment in full of the purchase money, in this State, gives to the purchaser a perfect equity, which is a good title even at law, and is sufficient to support or defeat an action of ejectment." *Evans* v. *Sawilowsky,* 179 *Ga.* 547, 556 (176 S. E. 625); *Waycross Military Assn.* v. *Hiers,* 209 *Ga.* 812 (76 S. E. 2d 486). Since these allegations respecting the respondent's purchase of the applicant's half interest in the realty sought to be partitioned are germane to the case made by the applicant's petition, and since they are sufficient, if proven true, to authorize a decree in equity that the respondent has fee-simple title to the applicant's interest in the realty involved, the trial judge erred in sustaining the applicant's demurrer to these allegations and striking

them. *Franklin* v. *Womack,* 162 *Ga.* 715 (134 S. E. 758). A decree in equity respecting the title to land operates as a deed between the parties. Powell on Actions for Land (2d ed.) 146, § 144. See in this connection *Gunn* v. *Gunn,* 95 *Ga.* 439, 444 (22 S. E. 552).

3. Since the court erred in striking a material part of the respondent's protest and cross-action, all that occurred thereafter in the cause was nugatory.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*F. H. Boney,* for plaintiff in error.
*A. Cecil Palmour, Cook & Palmour,* contra.